[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 05-10425
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 2, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00293-CV-1WDO-5

RANDY JERNIGAN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(May 2, 2006)**

Before TJOFLAT, MARCUS and WILSON, Circuit Judges.

PER CURIAM:

Randy Jernigan, a pro se prisoner serving a 240-month sentence for being a felon in possession of a firearm, appeals the district court's denial of his motion to vacate, which he filed pursuant to 28 U.S.C. § 2255. We previously affirmed

Jernigan's conviction and sentence on direct appeal. See United States v. Jernigan, 341 F.3d 1273 (11th Cir. 2003). In his motion to vacate, Jernigan asserted twelve claims of ineffective assistance of counsel. We issued a certificate of appealability ("COA") to consider the issue of whether the district court erred under Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), by failing to address all of Jernigan's claims.[1] Based on our review of the record, including a comparison of the issues raised in the pro se § 2255 motion, which we have construed liberally,

_____

[1] Jernigan argued that trial counsel had been ineffective on ten grounds: (1) failing to file a motion to suppress the gun where the initial traffic stop leading to the gun's discovery was conducted without reasonable suspicion; (2) stipulating to the admission of statements made by his codefendant, Wendell Nelson, a passenger in his vehicle, that implicated Jernigan, in violation of Bruton v. United States, 391 U.S. 123 (1968); (3) failing to call two exculpatory witnesses who would have testified that passenger Nelson said the gun belonged to him; (4) failing to adequately argue the motion for severance of the trials where Jernigan's and Nelson's defenses were mutually antagonistic; (5) failing to move to suppress Jernigan's statement to the police in which he gave them a false name because it was not preceded by Miranda warnings; (6) failing to move to exclude the government's introduction of Jernigan's previous convictions; (7) failing to object to the use of Jernigan's prior convictions to impose a sentence enhancement pursuant to 18 U.S.C. § 924(e), when the convictions were obtained without counsel; (8) inadequately arguing Jernigan's motion for judgment of acquittal; (9) failing to object to improper statements made by the prosecutor during closing arguments; and (10) failing to argue at sentencing that prior convictions for possession of a firearm and state convictions occurring before October 1984 could not be used to enhance his sentence. Jernigan also argued that his appellate counsel had been ineffective for: (11) failing to raise the issue of the government's improper introduction of prior and subsequent bad acts, which exceeded the scope of Fed. R. Evid. 404(b), and (12) failing to raise the issue that the prior convictions in his indictment were obtained illegally.

We also granted a COA to consider the ineffective-assistance claim as to issues (1) and (2). In light of our disposition on the Clisby issue, we do not reach the other issues encompassed by the COA. Cf. Callahan v. Campbell, 396 F.3d 1287, 1289 (11th Cir. 2005) (vacating and remanding habeas case based on Clisby without addressing the non-Clisby issues stated in the COA, and directing the district court, after ruling on the merits of all of the petitioner's claims, to "determine on which, if any, of petitioner's claims to grant a certificate of appealability").

and the district court's order, as well as the magistrate judge's Report and Recommendation ("R&R"), we vacate and remand for proceedings consistent with Clisby.

In his § 2255 motion, Jernigan asserted that his trial counsel had been ineffective on ten grounds and his appellate counsel had been ineffective on two grounds. The government was not directed to file, and did not file, a response to Jernigan's motion. In its order denying Jernigan's motion, the district court stated that it had "fully considered" Jernigan's motion and adopted the R&R. The R&R, in turn, addressed only two of the twelve claims presented in Jernigan's motion. Moreover, the magistrate judge's resolution of one of the two claims that were addressed -- Jernigan's Bruton-based ineffectiveness claim -- consists solely of a block-quotation from our opinion in Jernigan's direct appeal and, based thereon, the magistrate judge's conclusion that the Bruton-based ineffectiveness claim was only a recasting of the substantive Bruton claim we rejected in Jernigan's direct appeal.

In Clisby, we directed district courts to "resolve all constitutional claims presented in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 before granting or denying relief." 960 F.2d at 934. We expressed "our deep concern over the piecemeal litigation of federal habeas petitions filed by state

3

prisoners, as exemplified by the district court's failure to resolve all claims in this case." Id. at 935. When a district court does not address all claims raised, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims whenever the district court has not resolved all such claims." Id. at 938.

Even though we have never had the occasion to apply Clisby to a § 2255 case, we have held that "the principles developed in [§ 2254] habeas cases also apply to § 2255 motions." Gay v. United States, 816 F.2d 614, 616 n.1 (11th Cir. 1987); see also Broadwater v. United States, 292 F.3d 1302, 1303 (11th Cir. 2002) (vacating and remanding district court's summary, one-sentence denial of a § 2255 motion so that the district court "can provide further explanation of its ruling in order to provide this court with a sufficient basis for review" and stating that a district court may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief"). An adequate appellate review requires that the district court provide "more than a mere summary denial of the § 2255." Id. at 1304.

Jernigan's § 2255 petition raised twelve ineffective-assistance claims. The district court's statement that it "fully considered" Jernigan's motion, without

4

more, is insufficient for us to conduct a meaningful review. Moreover, the R&R adopted by the district court provides us with little additional guidance, specifically addressing only two of the twelve claims. And of the two claims addressed, the magistrate judge's resolution of the Bruton-based ineffectiveness claim by referencing our analysis of the underlying Bruton issue in the direct appeal does not provide a sufficient basis for us resolve that claim, let alone the others. We observe that our task is further complicated because we have no response from the government, as none was ordered by the district court.

Given the number of unresolved issues, we vacate the district court's order without prejudice and the COA, and we remand the case to the district court to resolve all of Jernigan's claims, regardless of whether relief is granted or denied, as well as to provide an explanation for its ruling such that we have a sufficient basis for review. See Clisby, 960 F.2d at 938 (providing that upon district court's failure to address issues raised in habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims whenever the district court has not resolved all such claims"). After ruling on the merits of Jernigan's claims, the district court shall also determine on which, if any, of Jernigan's claims to grant a COA. Callahan, 360 F.3d at 1289. We retain jurisdiction over the appeal, pending the district court's decision. Id. (after

5

vacating without prejudice and remanding case to district court for full consideration of issues raised in habeas petition, retaining jurisdiction over appeal, pending district court's resolution of outstanding issues).

**VACATED AND REMANDED WITH INSTRUCTIONS.**