[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 19, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14969
Non-Argument Calendar

_____

D. C. Docket Nos. 04-00018-CV-DF-7
and 00-00004-CR-WDO

TAJRICK CONAWAY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

**(June 19, 2006)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Federal prisoner Tajrick Conaway appeals the district court's denial of his

28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (1996), governs this appeal because Conaway filed his motion after the AEDPA's enactment. In his motion to vacate, Conaway claims that he was denied the effective assistance of counsel and other constitutional violations. We granted a Certificate of Appealability ("COA") on the following issue only:

> Whether the district court violated *Clisby v. Jones*, 960 F.2d 925, 938 (11th Cir. 1992) (*en banc*), by failing to address appellant's claims that his counsel was ineffective for failing to (1) advise him that it was possible for him to enter a conditional guilty plea; and (2) object to the amount of drugs for which he was held responsible.

When reviewing the district court's denial of a § 2255 motion, we review questions of law de novo and findings of fact for clear error. *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir.) (per curiam), *cert. denied*, 543 U.S. 891, 125 S. Ct. 167, 160 L. Ed. 2d 154 (2004). The scope of review is limited to the issues specified in the COA. *Murray v. United States*, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (per curiam).

Expressing "deep concern over the piecemeal litigation of federal habeas petitions" in *Clisby*, we exercised our supervisory authority to require that district courts resolve all claims for relief raised in a petition for writ of habeas corpus

under 28 U.S.C. § 2254, regardless of whether habeas relief is granted or denied. *Clisby*, 960 F.2d at 935-36. We explained that, when a district court does not address all claims presented in a habeas petition, we will "vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Id.* at 938.[1] Although Conaway's habeas proceeding is one under § 2255 rather than § 2254, we have noted that the principles developed in § 2254 proceedings likewise apply to motions under § 2255. *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987) (per curiam).[2] We have also have vacated and remanded a district court's one-sentence denial of a § 2255 motion so that the district court could "provide further explanation of its ruling in order to provide this court with a sufficient basis for review." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002) (per curiam) (internal quotes omitted).

After carefully reviewing the record and considering the parties' briefs, we conclude that the district court failed to address adequately Conaway's claim that his counsel was ineffective for failing to advise him that he could seek to enter a

---

[1] "Policy considerations clearly favor the contemporaneous consideration of allegations of constitutional violations grounded in the same factual basis: a one-proceeding treatment of a petitioner's case enables a more thorough review of his claims, thus enhancing the quality of the judicial product." *Clisby*, 960 F.2d at 936 (internal quotes omitted).

[2] In fact, we have previously applied *Clisby* to § 2255 proceedings, though in a non-binding opinion. *See Jernigan v. United States*, 11th Cir. 2006 (No. 05-10425, May 2, 2006) (unpublished) (per curiam).

3

conditional guilty plea while reserving the right to appeal the district court's suppression ruling. *See* Fed. R. Crim. P. 11(a)(2). The record does establish, however, that the district court did address Conaway's claim that his counsel was ineffective for failing to object to the amount of drugs for which he was held responsible. We therefore vacate and remand solely for the district court to address the issue of whether Conaway's former counsel was ineffective for failing to advise him that it was possible for Conaway to seek to enter a conditional guilty plea while reserving the right to appeal the district court's suppression ruling.

**VACATED AND REMANDED**.