[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
September 7, 2007
THOMAS K. KAHN
CLERK

No. 05-16191
Non-Argument Calendar
_____

D. C. Docket Nos. 04-21128-CV-FAM  & 01-00092-CR-FAM

JOSEFINA OLACIREQUI SANCHEZ,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(September 7, 2007)

Before BLACK, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Josefina Olacirequi Sanchez appeals the district court's denial of her 28 U.S.C. § 2255 motion to vacate, in which she argued that her trial counsel was constitutionally ineffective for a variety of reasons and that her sentence under the mandatory sentencing guidelines was unconstitutional. The district court found that Sanchez's counsel was not ineffective, but did not address Sanchez's claim that her sentence was unconstitutional. On appeal, Sanchez argues that the district court did not address all of the claims in her § 2255 motion. For the reasons set forth more fully below, we vacate and remand.

Sanchez filed a pro se § 2255 motion attacking her convictions, after jury trial, for violating 18 U.S.C. § 2; 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)-(B), 846, and the 235-month term of imprisonment imposed pursuant to those convictions under the then-mandatory guidelines system. In her § 2255 motion, Sanchez presented various arguments that trial counsel was constitutionally ineffective in advising her regarding the government's plea offer. The district court later permitted her to file a supplemental brief raising the claim that her sentence was unconstitutional under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). The district court set an evidentiary hearing before a magistrate judge and appointed current counsel to represent Sanchez.

The magistrate's report and recommendation addressed Sanchez's claims of

ineffective assistance of counsel, but did not mention her Blakely claim. Sanchez objected that the magistrate had failed to resolve all of the claims in her motion because he had failed to address her Blakely claim. She also objected that the magistrate had failed to discuss one aspect of her ineffective-assistance claim, that trial counsel had grossly underestimated her sentencing exposure. The district court denied Sanchez's § 2255 motion, stating that "[f]or the reasons stated in the report of the Magistrate Judge and upon independent review of the file, it is ORDERED AND ADJUDGED as follows: [] This motion to vacate is denied."

Sanchez moved for a certificate of appealability, which the district court granted in part as to the issue of whether it had erred in adopting the magistrate's report without specifically addressing Sanchez's Blakely claim. We later expanded the certificate of appealability to include the following issue:

> Whether the district court erred in denying appellant's claim that counsel was ineffective in failing to adequately advise her regarding the risks and benefits of accepting the proffered plea agreement?

Sanchez argues that the district court violated our rule, as announced in Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), that district courts must address all claims raised in habeas cases and that, therefore, we should vacate the district court's judgment without prejudice to permit it to consider her Blakely claim.

When reviewing the district court's denial of a § 2255 motion, we review questions of law de novo and findings of fact for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir.). The scope of review is limited to the issues specified in the certificate of appealability. Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).

Expressing "deep concern over the piecemeal litigation of federal habeas petitions" in Clisby, we exercised our supervisory authority to require that district courts resolve all claims for relief raised in a petition for writ of habeas corpus under § 2254, regardless of whether habeas relief is granted or denied. Clisby, 960 F.2d at 935-36. We explained that, when a district court does not address all claims presented in a habeas petition, we will "vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." Id. at 938.

Although this case arises from a § 2255 motion rather than a § 2254 habeas petition, the principles developed in § 2254 proceedings generally likewise apply to motions under § 2255. Gay v. United States, 816 F.2d 614, 616 n.1 (11th Cir. 1987).[1] We have also vacated and remanded a district court's one-sentence denial

---

[1] We have previously applied Clisby in § 2255 cases, although in unpublished, non-binding opinions. See, e.g., Conaway v. United States, 184 Fed. Appx. 890, 891 (11th Cir. 2006); Jernigan v. United States, 180 Fed. Appx. 56, 57-58 (11th Cir. 2006).

of a § 2255 motion so that the district court could "provide further explanation of its ruling in order to provide this court with a sufficient basis for review." Broadwater v. United States, 292 F.3d 1302, 1303 (11th Cir. 2002) (quotation omitted).

A careful review of the record reveals that the district court did not address Sanchez's Blakely claim. The government does not contend that the district court did address the claim, but instead argues that we should address the claim in the first instance because it is "a pure question of law whose proper resolution is beyond any doubt." The government relies on Baumann v. Savers Fed. Sav. & Loan Assoc., 934 F.2d 1506, 1512 (11th Cir. 1991), but Baumann is inapposite because it addresses exceptions to the general rule that we will not address an issue that a party failed to raise in the district court, but wishes to raise on appeal. See id. Clisby, on the other hand, addresses the situation where a party did raise the issue below, but the district court failed to address it. See Clisby, 960 F.2d at 934-36. Nothing in Clisby indicates that a forfeited-issue analysis should apply where the district court has erred under Clisby. See id. at 935 (concluding that, even though the respondent urged us to consider the claims not addressed by the district court, we could "do no more than remand the case to the district court to consider all remaining claims"). We hold that remand is required here for the district court

5

to consider all of Sanchez's claims in the first instance.

In light of the forgoing, we vacate the district court's judgment without prejudice and remand with instructions for the district court to consider Sanchez's Blakely claim.[2]  See Clisby, 960 F.2d at 938.

**VACATED AND REMANDED WITH INSTRUCTIONS.**

---

[2] We also note that a review of the record reveals that the district court did not address the portion of Sanchez's ineffective assistance of counsel claim relating to trial counsel's alleged misadvice regarding the possible maximum sentence she faced if convicted after trial.  The district court should address this assertion on remand.