[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
January 18, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-12009
_____

D. C. Docket No. 01-00796-CV-C-E

JAMES CALLAHAN,

Petitioner-Appellee,

versus

DONAL CAMPBELL, Commissioner,
Alabama Department of Corrections,
ATTORNEY GENERAL OF ALABAMA,

Respondents-Appellants.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

**(January 18, 2005)**

Before:  TJOFLAT, BLACK and WILSON, Circuit Judges.

B Y  T H E  C O U R T:

The amended habeas corpus petition in this case presented numerous constitutional claims. On October 18, 2002, the magistrate judge addressed nine claims and issued a report and recommendation denying relief on all counts.[1] Petitioner objected to the report and recommendation as to eight of his claims.[2] The district court granted the petition, but only addressed the merits of two issues.[3] Subsequently, the court granted a certificate of appealability on all successfully preserved issues (eight) despite having addressed only two.

In *Clisby v. Jones*, this Court "express[ed] our deep concern over the piecemeal litigation of federal habeas petitions filed by state prisoners, as

---

[1] The magistrate addressed petitioner's claims that: (1) he received ineffective assistance of counsel due to his trial counsel's failure to object to the admission of his statements; (2) he received ineffective assistance of counsel at sentencing due to his counsel's failure to investigate and present additional mitigating evidence; (3) the trial judge's failure to recuse himself violated his Sixth Amendment and due process rights to a fair trial; (4) the jury improperly considered extraneous evidence; (5) he was deprived of a fair trial because one of the jurors failed to accurately answer voir dire questions; (6) his statements should have not been admitted because they were involuntary and were obtained in violation of the right to counsel; (7) Alabama's method of execution is unconstitutional; (8) he was deprived of the right to a fair trial by the State's racially discriminatory use of its peremptory challenges; and (9) he received ineffective assistance of counsel due to his trial counsel's failure to object to the state's racially discriminatory use of its peremptory challenges.

[2] Petitioner did not object to the magistrate's finding that Alabama's method of execution was constitutional. We also note the State objected to the magistrate's failure to find petitioner's claim of error that was based on a juror's failure to answer voir dire questions accurately to be procedurally barred.

[3] The district court addressed: (1) petitioner's ineffective assistance of counsel at sentencing claim (the second issue addressed by the magistrate) and (2) petitioner's claims based on the trial judge's failure to recuse himself (the third issue addressed by the magistrate).

2

exemplified by the district court's failure to resolve all claims in this case." 960 F.2d 925, 935 (11th Cir. 1992) (en banc). When a district court does not address all such claims, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims whenever the district court has not resolved all such claims." *Id.* at 938.

We therefore vacate the district court's judgment without prejudice, vacate the certificate of appealability, and remand with instructions that the district court rule on the merits of the following eight claims:

> (1) he received ineffective assistance of counsel due to his trial counsel's failure to object to the admission of his statements;
>
> (2) he received ineffective assistance of counsel at sentencing due to his counsel's failure to investigate and present additional mitigating evidence;
>
> (3) the trial judge's failure to recuse himself violated his Sixth Amendment and due process rights to a fair trial;
>
> (4) the jury improperly considered extraneous evidence;
>
> (5) he was deprived of a fair trial because one of the jurors failed to accurately answer voir dire questions;
>
> (6) his statements should have not been admitted because they were involuntary and were obtained in violation of the right to counsel;
>
> (7) he was deprived of the right to a fair trial by the State's racially discriminatory use of its peremptory challenges; and

(8) he received ineffective assistance of counsel due to his trial counsel's failure to object to the state's racially discriminatory use of its peremptory challenges.

After ruling on the merits, the district court shall determine on which, if any, of petitioner's claims to grant a certificate of appealability. Realizing the issues have already been fully briefed and presented to the district court, the district court shall enter its judgment and certificate of appealability ruling within thirty days of the date of this Order.

Accordingly, this case is REMANDED for the limited purposes as stated above and the Court retains jurisdiction over the appeal.