[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 4, 2005
THOMAS K. KAHN
CLERK

_____

No. 04-13690
Non-Argument Calendar

_____

D.C. Docket No. 04-60665-CV-WPD

ANTHONY EDEN SIMMONS,

Petitioner-Appellant,

versus

SECRETARY FOR THE DEPARTMENT OF CORRECTIONS,
James Crosby,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

(May 4, 2005)

Before BARKETT, HULL and WILSON, Circuit Judges.

PER CURIAM:

Anthony Simmons, a Florida state prisoner proceeding pro se, appeals the

district court's denial of his 28 U.S.C. § 2254 petition. Simmons filed his petition

after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996); therefore, the provisions of that act govern this appeal. We granted a certificate of appealability on "[w]hether the district court violated Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992), by failing to address appellant's claim that the trial court erroneously overruled his objection to a hearsay statement made by one of the police officers involved in the case?"

First, Simmons argues that the state's brief was untimely. "The appellee must serve and file a brief within 30 days after the appellant's brief is served." Fed.R.App.P. 31(a)(1). Simmons indicated in his certificate of service that he furnished this Court with a copy of his brief on November 17, 2004. However, because he did not indicate that he served a copy of his brief on the state, the state's time for filing a response brief started the day that this Court issued a letter confirming the brief due date. Because this Court's letter was sent to the state on November 24, 2004, and December 25, 2004 was a Saturday, the state's brief, e-filed on Monday, December 27, 2004, was timely. See Fed.R.App.P. 26(a) (excluding weekends and holidays from calculation of time periods).

We next address the merits of Simmons's Clisby claim. "[I]n reviewing a district court's grant or denial of a habeas petition, we review the district court's

2

findings of fact for clear error, and review <u>de novo</u> both questions of law and mixed questions of law and fact." <u>Peoples v. Campbell</u>, 377 F.3d 1208, 1224 (11th Cir. 2004). However, when the district court makes no independent finding of facts, we review its holdings <u>de novo</u>. <u>Id.</u>

When a district court does not address all of the issues in a § 2254 petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims whenever the district court has not resolved all such claims." <u>Clisby</u>, 960 F.2d at 938. "A claim for relief for [these] purposes . . . is any allegation of a constitutional violation." <u>Id.</u> at 936; <u>see also</u> 28 U.S.C. § 2254(a) (providing that a habeas application by a state prisoner will only be entertained "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States").

A review of Simmons's § 2254 petition and his direct appeal to the state appellate court reveals that Simmons never raised the hearsay issue as a federal constitutional claim. Thus, the district court did not violate <u>Clisby</u>'s requirement to address an "allegation of a constitutional violation." <u>See</u> <u>Callahan v. Campbell</u>, 396 F.3d 1287, 1288-89 (11th Cir. 2005) (remanding petitioner's § 2254 petition to the district court to address the merits of all of the constitutional claims raised in the petition).

For the foregoing reasons, we affirm the district court's denial of Simmons's § 2254 petition.

**AFFIRMED.**