[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

**FILED**

**U.S. COURT OF APPEALS**
**ELEVENTH CIRCUIT**
**May 13, 2005**
**THOMAS  K. KAHN**
**CLERK**

No. 04-14007
Non-Argument Calendar
_____

D.C. Docket No.  02-22365-CV-DLG

EZRA NAYLOR,

Petitioner-Appellant,

versus

SECRETARY FOR THE
DEPARTMENT OF CORRECTIONS,
James V. Crosby,

Respondent-Appellee.

_____

Appeal from the United States District Court for the
Southern District of Florida

_____

**(May 13, 2005)**

Before ANDERSON, CARNES and MARCUS, Circuit Judges.

PER CURIAM:

Ezra Naylor, a Florida prisoner serving a life sentence for first degree murder, appeals the district court's denial on the merits of his 28 U.S.C. § 2254 petition challenging his conviction. We granted a certificate of appealability on the following two issues:

> Whether the district court violated Clisby v. Jones, 960 F.2d 925, 938 (11th Cir. 1992) (en banc), by failing to address appellant's claims that his trial counsel was ineffective for not objecting to prosecutorial misconduct during closing argument?

> Whether the district court erred by finding that appellant's trial counsel was not ineffective for failing to argue that appellant was tried after the term of court when his indictment was filed? See Fla. Stat. § 907.055.

The government concedes error with respect to the first of these issues: the district court did not address all of Naylor's claims. Accordingly, we vacate the district court's final judgment and remand this case for further consideration. See Clisby, 960 F.2d at 938. We do not reach the second issue on which we granted a COA; to do so would defeat the whole purpose of the Clisby rule, which is to avoid piecemeal adjudication of issues in a habeas case. Id. at 936–98. Either the district court or this Court may grant a COA on the second issue should a subsequent appeal follow the remand.

**VACATED AND REMANDED.**