[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 20, 2006
THOMAS K. KAHN
CLERK

No. 05-14076
Non-Argument Calendar

_____

D. C. Docket No. 04-00426-CV-3-MCR-MD

LOMAX SALTER,

Petitioner-Appellant,

versus

JAMES V. CROSBY, JR.,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(April 20, 2006)

Before ANDERSON, BIRCH and KRAVITCH, Circuit Judges.

PER CURIAM:

Lomax Salter, a Florida prisoner serving a life sentence for murder,

kidnaping, and robbery, filed a pro se habeas petition pursuant to 28 U.S.C. § 2254, alleging, inter alia, that his trial counsel was ineffective for permitting the prior testimony of a jail-house informant to be read into evidence when the witness was available to testify, and that the evidence was insufficient to sustain his conviction beyond a reasonable doubt under Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 2788-89, 61 L.Ed.2d 560 (1979).[1]

The state responded that the record showed that counsel had objected to the testimony and was overruled, Salter should have raised the issue of availability on direct appeal, and he could not now couch his claim in terms of ineffective assistance of counsel to avoid the procedural bar. The state further asserted that counsel had moved for judgment of acquittal and was denied, that sufficiency of the evidence was not a constitutional claim appropriate for collateral review, and that the evidence was sufficient for the jury to have found Salter guilty beyond a reasonable doubt.

Attached to the state's response were the following records of the state proceedings: After Salter was convicted and sentenced to life imprisonment,

---

[1] Salter filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-32, 110 Stat. 1214 (1996), and, therefore, the provisions of that act govern this appeal. In Jackson, the Supreme Court held that "a state prisoner who alleges that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim." 443 U.S. at 318-19.

counsel moved to withdraw. The court granted the motion to withdraw and gave Salter the opportunity to file a brief for direct appeal; Salter declined to do so.

Salter filed a motion for post-conviction relief under Florida Rule of Criminal Procedure 3.850, asserting, inter alia, that counsel was constitutionally defective by failing to require the state to produce the available witness and that the outcome of his trial would have been different but for the error. Salter further argued that the state did not establish his guilt beyond a reasonable doubt.

The state court denied the 3.850 motion, noting that counsel had objected to the testimony and that, as Salter had failed to raise the availability issue on direct appeal, he could not use an ineffective assistance claim to circumvent the bar. The state court did not address the sufficiency of the evidence argument. The state appeals court affirmed the denial of relief. Salter then filed the instant § 2254.

The magistrate judge recommended denying the petition without an evidentiary hearing because the federal court should defer to the state court's determination that counsel had properly objected to the testimony and the state court's finding was supported by the record. The magistrate judge further noted that the claim concerning the testimony was procedurally defaulted because Salter had not raised it on direct appeal. With respect to the sufficiency of the evidence, the magistrate judge found that the record reflected that counsel moved for - and

3

was denied - judgment of acquittal.  The district court adopted the magistrate judge's recommendation, over Salter's objections, denied habeas relief, and denied Salter's request for a certificate of appealability ("COA").  This court granted a COA on the following issues:

> (1) Whether trial counsel was ineffective for permitting the prior trial testimony of an available witness to be read into evidence, thus depriving appellant of his Sixth Amendment right to cross-examine the witness? (2) Whether the district court violated Clisby v. Jones, 960 F.2d 925, 936 (11th Cir 1992), by failing to address appellant's claim that the evidence was insufficient to support his convictions?

We review a district court's denial of a habeas petition de novo.  Nelson v. Schofeld, 371 F.3d 768, 769 (11th Cir. 2004).  Because this second issue is dispositive, we address it first.

In Clisby, this court instructed district courts to "resolve all constitutional claims presented in a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254 [] before granting or denying relief."  960 F.2d at 927-28.  Given the concern over the piecemeal litigation of federal habeas petitions, this court explained that "[p]olicy considerations clearly favor the contemporaneous consideration of allegations of constitutional violations grounded in the same factual basis: 'a one-proceeding treatment of a petitioner's case enables a more thorough review of his claims, thus enhancing the quality of the judicial product'." Clisby, 960 F.2d at 936

4

(internal citation omitted). "A claim for relief for purposes of [Clisby] is any allegation of a constitutional violation." Id. at 936.

Contrary to the government's argument, the district court's decision that counsel was not ineffective does not necessarily encompass a review of the constitutional sufficiency issue, as each determination involves different facts. In any event, even if the claims overlap, the district court is required to address each claim separately and should not deny habeas relief based on an implicit finding. See Meeks v. Singletary, 963 F.2d 316, 320-21 (11th Cir. 1992) (considering the district court's denial of habeas relief; remanding for consideration of a constitutional claim that the district court had ignored and for consideration of other constitutional claims that the district court had stated ambiguous reasons for not considering; holding the district court should address the merits of all claims or articulate its reason for not doing so).

We have not recognized a harmless-error exception to the rule in Clisby, and we decline to do so here. Accordingly, because the district court failed to address all of Salter's issues, we vacate and remand for further proceedings.

Finally, we do not address the remaining issue for which a COA was granted; to do otherwise would engage in the piecemeal litigation Clisby sought to prevent. See Callahan v. Campbell, 396 F.3d 1287, 1289 (11th Cir. 2005); Naylor

5

v. Sec'y Dep't of Corrs., 131 Fed. Appx. 681 (11th Cir. 2005) (unpublished).

**VACATED and REMANDED.**