**William C. SMITH, Petitioner–Appellant,**

v.

**SECRETARY, DEPARTMENT OF CORRECTIONS, Attorney General, State of Florida, Respondents–Appellees.**

No. 06–12974
Non–Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

March 15, 2007.

William C. Smith, Madison, FL, pro se.

Wesley Heidt, Attorney General's Office, Daytona Beach, FL, for Respondents–Appellees.

Before TJOFLAT, HULL and MARCUS, Circuit Judges.

PER CURIAM:

William C. Smith, a *pro se* Florida prisoner serving a life sentence (plus 15 years) for sexual battery and three counts of lewd and lascivious offenses committed upon a minor, appeals the district court's denial of his 28 U.S.C. § 2254 petition. We issued a certificate of appealability ("COA") to consider the issue of whether the district court erred under *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir.1992) (*en banc*), by failing to address all of Smith's claims.[1]

---

1. Smith also argues that: (1) he properly ex-     hausted this claim in state court; (2) the state

Based on our review of the record, including a comparison of the issues raised in the *pro se* § 2254 petition, which we have construed liberally, and the district court's order, we vacate and remand for proceedings consistent with *Clisby.*[2]

In his § 2254 petition, Smith argued, among other things, that (1) the state trial court erred by denying him a judgment of acquittal based on a variance between the pleadings and the evidence at trial, and (2) he received ineffective assistance of counsel. In an addendum to his § 2254 petition, Smith asserted that due to his counsel's "ineffectiveness in presenting the order [granting Smith's motion for a bill of particulars] to the judge for a signature, the order was never issued in a written form," such that "[t]he trial proceeded as if no statement of particulars had been granted narrowing the time frame alleged." He further asserted that at trial, the proof varied from the facts alleged in the charge, and the prosecutor never moved to amend the orally granted bill of particulars, thereby prejudicing his ability to present a defense.

The district court denied Smith's petition without addressing the ineffective-assistance claim concerning the handling of Smith's motion for a bill of particulars and the trial court's oral order granting the motion. Smith then moved for a certificate of appealability ("COA"), which we granted on the following issue:

> Whether the district court failed to review Smith's contention that he received ineffective assistance of counsel when his attorney failed to pursue compliance by the state after the trial court granted

defense's motion for a bill of particulars, in violation of *Clisby v. Jones,* 960 F.2d 925, 936 (11th Cir.1992) (*en banc* )?

In *Clisby,* we directed district courts to "resolve all constitutional claims presented in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 before granting or denying relief." 960 F.2d at 934. We expressed "our deep concern over the piecemeal litigation of federal habeas petitions filed by state prisoners, as exemplified by the district court's failure to resolve all claims in this case." *Id.* at 935. When a district court does not address all claims raised, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims whenever the district court has not resolved all such claims." *Id.* at 938.

Liberally construing Smith's *pro se* habeas petition, we conclude the district court erred when it failed to consider Smith's claim that he received ineffective assistance of counsel in connection with the handling of his motion for a bill of particulars. The state concedes that the district court did not consider the issue, but suggests that Smith did not adequately raise the issue. From our review of Smith's filings, we disagree. In the addendum to his § 2254 petition, in which he elaborated on the general ineffective-assistance claim asserted in the § 2254 petition, Smith specifically referenced his counsel's treatment of the bill-of-particulars issue. The district court did not comply with *Clisby* because it did not address the claim.

---

court decision denying relief for his claim is not entitled to deference or a presumption of correctness; and (3) his claim was not adjudicated in a state court evidentiary hearing. Because these arguments are unrelated to the issue granted in the COA, they are outside the scope of our review. *See Murray v. United*

*States,* 145 F.3d 1249, 1250–51 (11th Cir. 1998) (holding that the scope of our review is limited to the issues specified in the COA).

**2.** We GRANT Smith's motion for leave to file his Reply Brief out of time.

Accordingly, we vacate and remand the case to the district court to resolve the ineffective-assistance claim identified in our COA, regardless of whether relief is granted or denied, as well as to provide an explanation for its ruling such that we have a sufficient basis for review. *See Clisby,* 960 F.2d at 938 (providing that upon district court's failure to address issues raised in habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims whenever the district court has not resolved all such claims"). After ruling on the merits of the ineffective-assistance claim identified in our COA, the district court also shall determine whether to grant a COA. *Callahan v. Campbell,* 396 F.3d 1287, 1289 (11th Cir.2005) (vacating and remanding habeas case based on *Clisby* and directing district court, after ruling on the merits of the petitioner's claims, to "determine on which, if any, of petitioner's claims to grant a [COA]."). We retain jurisdiction over the appeal, pending the district court's decision. *Id.* (after vacating without prejudice and remanding case to district court for full consideration of issues raised in habeas petition, retaining jurisdiction over appeal, pending district court's resolution of outstanding issues).

**VACATED WITHOUT PREJUDICE AND REMANDED WITH INSTRUCTIONS.**