[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 4, 2007
THOMAS K. KAHN
CLERK

No. 07-10219
Non-Argument Calendar
_____

D. C. Docket Nos. 05-01394-CV-T-27-TGW & 04-00026-CR-T-2

DWAYNE LARCEL BROWN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

**(October 4, 2007)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Dwayne Larcel Brown, a pro se federal prisoner currently serving a 170-month term of imprisonment for bank robbery, appeals the district court's order denying his 28 U.S.C. § 2255 motion to vacate. We granted a certificate of

appealability ("COA") on the following issues:[1] (1) whether the district court erred when it found that Brown's counsel did not render ineffective assistance on direct appeal by failing to argue that the government had breached its obligations under the plea agreement; and (2) whether the district court erred by finding that counsel's alleged ineffectiveness did not establish cause and prejudice sufficient to overcome the procedurally defaulted claim that the government breached the plea agreement. After careful review, we affirm in part, vacate in part without prejudice, and remand for further proceedings consistent with this opinion and our decision in Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc).

A district court's legal conclusions in a 28 U.S.C. § 2255 proceeding are reviewed de novo, and its factual findings are reviewed for clear error. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004). Whether a defendant ultimately has received ineffective assistance of counsel is a mixed question of fact and law reviewed de novo. Mincey v. Head, 206 F.3d 1106, 1142 (11th Cir. 2000). This Court determines whether the government has breached a plea agreement de novo. United States v. Thomas, 487 F.3d 1358, 1360 (11th Cir. 2007).

---

[1]To the extent Brown raises claims that exceed the scope of the COA, we will not address them. See Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998) (holding that the scope of our review is limited to the issues specified in the COA).

A review of the record reveals that Brown pled guilty to bank robbery, pursuant to a written plea agreement. The agreement contained an appeal waiver and the following provision:

> At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

The plea agreement also required the government to recommend to the court at sentencing that Brown should receive a reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1. Further, the agreement stated that:

> The government expressly reserves the right to support and defend any decision that [Brown][2] or the Court may make with regard to the defendant's sentencing guidelines or sentence, whether or not such decision is consistent with the government's recommendations contained herein.

Finally, the plea agreement contained an appeal waiver.

Prior to sentencing, Brown filed a sentencing memorandum, in which he argued that the imposition of a two-level enhancement for making a threat of death

---

[2] Notably, this provision originally read, "[t]he government expressly reserves the right to support and defend any decision that the Probation Office . . . may make with regard to the defendant's sentencing guidelines or sentence . . . " (emphasis added). However, reference to "the Probation Office" was scratched out and replaced with Brown's initials.

violated Apprendi v. New Jersey, 530 U.S. 466 (2000), and its progeny because he had not admitted that a threat of death had been made. Brown also moved for downward departures on several grounds, including that (1) he had a reduced mental capacity; (2) he turned himself into authorities before he was identified as a suspect; (3) he committed the instant offense to obtain drug treatment; and (4) despite his career offender status, his criminal history category overrepresented the seriousness of his criminal history.

At the sentencing hearing, the district court stated it had received Brown's Presentence Investigation Report ("PSI") and noted that Brown pled guilty pursuant to a written plea agreement. The court then addressed Brown's objection to the threat-of-death enhancement under the Guidelines. In support of the enhancement, the government called the victim bank teller, Patricia Bell, regarding the threat Brown allegedly made during the robbery. The government argued for an increased offense level, because Brown's threat instilled in Bell a fear of death. The district court overruled Brown's objection, finding that Apprendi and its progeny did not apply. The court also overruled Brown's Apprendi-based objection to an enhancement based on Brown's career-offender status. After overruling these objections, the district court noted that Brown's total offense level

was 29, his criminal history category was VI, and his Guidelines imprisonment range was 151 to 188 months.

The government then objected to Brown's motion for a downward departure, arguing (1) the circumstances of this case precluded a downward departure; and (2) the Guidelines prohibited departures based on mental and emotional conditions. The court deferred ruling on the government's threshold objection, and Brown called Dr. Debra A. Goldsmith, who testified about Brown's history of mental illness and substance abuse.

The government then stated that it was going to recall the victim of Brown's crime, at which point defense counsel asked to approach the bench and the following exchange occurred:

> The Court: Why?
>
> [Counsel]: Well, Your Honor, we have a plea agreement in this case where the government has agreed to a low end sentence. Just for the record, to the extent that anything happening is inconsistent with that, I'd like to preserve the objection.
>
> The Court: Well, you can have a plea agreement for anything you want, but I'm going to decide the appropriate sentence. So there's no reason to approach side bar about that.

Then court then allowed Bell to testify that she was fearful during her encounter with Brown.

5

Thereafter, defense counsel indicated her intent to call Anna Fanfan, an investigator in the Federal Public Defender's Office, to testify as to Brown's motivation for committing the robbery. The government objected, asserting that Fanfan's testimony was irrelevant given that the Guidelines prohibited the grant of a departure on the basis of drug dependency or based on a defendant's mental or emotional condition. The court overruled the government's objection, and Fanfan testified that it was difficult to obtain placement for persons in drug treatment facilities.

In urging the district court to deny Brown's downward departure motions, the government stated that Brown had not accepted responsibility for his actions because he crossed out language in the plea agreement language indicating that he made a threat during the robbery, and because he had presented evidence at sentencing of his mental problems and drug addiction. Defense counsel responded that the government's assertion that Brown had not accepted responsibility for his actions violated the terms of the plea agreement.

Prior to imposing sentence, the district court considered Brown's statements of remorse and then denied his motion for a downward departure in all respects. In calculating Brown's sentence, the court began by stating that Brown's total offense level was initially 21, but after enhancements for being a career offender were

applied, his offense level became 32. After reducing Brown's offense level by three for acceptance of responsibility, the district court reiterated that Brown's total offense level was 29, his criminal history category was VI, and his Guidelines imprisonment range was 151 to 188 months. The court ultimately sentenced Brown to a term of 170 months' imprisonment, to be followed by a three-year term of supervised release. Brown filed a direct appeal challenging his sentence, which we dismissed based on the appeal-waiver provision in his plea agreement.

Brown then filed this § 2255 motion. In his motion and supplemental filings, he asserted the following claims: (1) the government breached its obligations under the plea agreement at sentencing, by failing to recommend a sentence at the low end of the Guidelines range and by taking positions that were inconsistent with a low-end sentence; (2) he received ineffective assistance of counsel before he signed the plea agreement, when his attorney failed to advise him both that he was waiving his ability to file a direct appeal based on Apprendi and its progeny and that counsel would "fight for the same deal" but without the appeal-waiver provision; and (3) he received ineffective assistance of counsel on direct appeal, when his attorney failed to argue the government breached its obligations under the plea agreement.

The district court denied Brown's motion, first concluding that Brown's breach claim was procedurally barred from consideration unless he showed cause and prejudice since his defense counsel did not raise this issue on direct appeal. The court rejected Brown's assertion that the cause for his default was his counsel's ineffectiveness, finding that defense counsel was not required to raise every non-frivolous issue. The district court also concluded that defense counsel acted reasonably in appealing other issues because: (1) through counsel's objection at the sentencing hearing, counsel made the district court aware of the low-end recommendation and the court responded that it would not be bound by it; (2) the court imposed a mid-range sentence; and (3) it was likely that this issue would have been dismissed in any event. This appeal followed.

The two-pronged test governing ineffective-assistance-of-counsel claims is set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, a movant must show that counsel's performance was deficient. Id. at 687. The proper measure of attorney performance is "reasonableness under prevailing professional norms." Id. at 688. Counsel is "strongly presumed" to have rendered adequate assistance and to have exercised reasonable professional judgment. Id. at 690. Counsel's performance is deficient if counsel made errors so egregious that he or she was not functioning as the counsel guaranteed under the Sixth Amendment. Id. at 687.

Second, a movant must show that the deficient performance prejudiced the defense. Id. To prove prejudice, a movant must show that there is a reasonable probability that the outcome would have been different but for counsel's unprofessional errors. Id. at 694. "It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding." Id. at 693. A determination of the prejudice prong of the Strickland analysis is necessarily dependent on a review of the merits of the underlying claim. Cross v. United, 893 F.2d 1287, 1290 (11th Cir. 1990). "Counsel cannot be labeled ineffective for failing to raise issues which have no merit." Card v. Dugger, 911 F.2d 1494, 1520 (11th Cir. 1990) (§ 2254 case). Moreover, we need not address both prongs of the Strickland test "if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.

The first issue on which we granted a COA concerns whether the district court erred by finding that Brown's attorney was not ineffective for failing to raise the following instances of the government's breach of its obligations under the plea agreement: (1) the government failed to recommend a sentence at the low end of the Guidelines range; (2) at sentencing, the government took a position "opposite to the terms of the pleas" by supporting the Probation Office's recommendation to impose a mid-range, rather than a low-end, sentence.

9

We discern no error in the district court's conclusion that counsel was not ineffective for failing to raise the first claim. The district court found that the first prong of the Strickland test was not satisfied because it was a reasonable decision by counsel not to raise the claim given that Brown received a mid-range sentence and that counsel herself made the court aware of the government's recommendation at the sentencing hearing. We have held that the government is not required to verbally state its recommendation at sentencing, where the district court has before it a plea agreement containing the government's sentencing recommendation. United States v. Cates, 952 F.2d 149, 153-54 (11th Cir. 1992); see also United States v. Werner, 317 F.3d 1168 (10th Cir. 2003) (finding no breach of plea agreement based on prosecutor's failure to verbalize low-end recommendation, whether recommendation was in plea agreement and district court was aware of recommendation).

This principle applies even more so here, where it was defense counsel herself who made the sentencing court aware of the government's obligation to recommend a low-end sentence. Counsel objected to Bell's testimony at the sentencing hearing, stating: "we have a plea agreement in this case where the government has agreed to a low end sentence." Moreover, the district court had before it, and stated that it had considered, the plea agreement enumerating the

10

government's recommendation. On this record, we are satisfied that counsel's decision not to assert, on direct appeal, that the government had breached the plea agreement by not verbally stating its recommendation at sentencing was reasonable under the performance prong of Strickland. Accordingly, the district court did not err by rejecting Brown's ineffectiveness claim based on this issue.[3]

As for Brown's claim that counsel was ineffective for failing to argue, on direct appeal, that the government breached the plea agreement by supporting the Probation Office's recommendation of a low-end sentence, the district court did not address this issue.[4] In Clisby, we directed district courts to "resolve all constitutional claims presented in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 before granting or denying relief." 960 F.2d at 934. We expressed "our deep concern over the piecemeal litigation of federal habeas petitions filed by state prisoners, as exemplified by the district court's failure to resolve all claims in this case." Id. at 935. When a district court does not address

---

[3] We also discern no error in the district court's procedural default analysis of this claim. See United States v. Nyhuis, 211 F.3d 1340, 1344 (11th Cir. 2000) ("Ineffective assistance of counsel may satisfy the cause [and prejudice] exception to a procedural bar. In order to do so, however, the claim of ineffective assistance must have merit." (citation omitted)).

[4] The appeal-waiver provision in Brown's plea agreement does not bar a claim that the government breached the plea agreement since it is well-settled that even where an agreement explicitly lists exclusive grounds for appeal and the defendant waives all others, he does not implicitly waive the right to appeal a breach of the terms of the plea agreement. United States v. Copeland, 381 F.3d 1101, 1104-05 (11th Cir. 2004).

11

all claims raised, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims whenever the district court has not resolved all such claims." Id. at 938.

Even though we have never had the occasion to apply Clisby to a § 2255 case, we have held that "the principles developed in [§ 2254] habeas cases also apply to § 2255 motions." Gay v. United States, 816 F.2d 614, 616 n.1 (11th Cir. 1987); see also Broadwater v. United States, 292 F.3d 1302, 1303 (11th Cir. 2002) (vacating and remanding district court's denial of a § 2255 motion so that the district court "can provide further explanation of its ruling in order to provide this court with a sufficient basis for review" and stating that a district court may summarily dismiss a § 2255 motion "[i]f it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief").

The district court did not consider whether the government's conduct, arguably supporting the Probation Office's recommendation of a mid-range sentence, constituted a breach of its obligation, pursuant to the plea agreement, to recommend a low-end sentence. Accordingly, we vacate the district court's order without prejudice and the COA and we remand the case to the district court to resolve all of the outstanding breach claim, regardless of whether relief is granted

12

or denied, as well as to provide an explanation for its ruling such that we have a sufficient basis for review. See Clisby, 960 F.2d at 938 (providing that upon district court's failure to address issues raised in habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims whenever the district court has not resolved all such claims"). After ruling on the merits of Brown's claim, the district court shall also determine whether or not to grant a COA. Callahan, 360 F.3d at 1289. We retain jurisdiction over the appeal, pending the district court's decision. Id. (after vacating without prejudice and remanding case to district court for full consideration of issues raised in habeas petition, retaining jurisdiction over appeal, pending district court's resolution of outstanding issues).[5]

In sum, the district court did not err by finding that defense counsel was not ineffective for not raising, on direct appeal, the claim that the government breached the plea agreement by failing to vocalize its low-end sentence recommendation at the sentencing hearing. However, because the district court failed to address Brown's breach claim that the government made arguments in support of the

_____

[5] If the district court finds a viable ineffective-assistance-of-counsel claim, it also should consider whether such ineffectiveness constitutes sufficient cause and prejudice to excuse Brown's procedural default of this claim.

Probation Office's recommendations, pursuant to <u>Clisby</u>, we vacate and remand for the limited purpose of resolving this claim.

**AFFIRMED IN PART, VACATED IN PART WITHOUT PREJUDICE AND REMANDED WITH INSTRUCTIONS.**