[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 07-14856
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 22, 2008
THOMAS K. KAHN
CLERK

D. C. Docket Nos. 07-00242-CV-CG-1,
04-00227-CR-CG

TERRY RAY REED,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(December 22, 2008)

Before TJOFLAT, DUBINA and BLACK, Circuit Judges.

PER CURIAM:

Federal prisoner Terry Ray Reed, with counsel, appeals the district court's denial of his *pro se* 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We granted a certificate of appealability on the following issues: (1) whether, in light of *Clisby v. Jones*, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), the district court was required to address all of the claims in Reed's § 2255 motion to vacate, and (2) if so, whether it failed to address Reed's claim that the Government breached the plea agreement by failing to recommend a sentence at the low end of the guideline range. Reed argues—and the Government concedes—*Clisby* applies to his § 2255 motion, and the district court violated *Clisby*.

We review the district court's legal conclusions in a § 2255 proceeding *de novo* and its factual findings for clear error. *Devine v. United States*, 520 F.3d 1286, 1287 (11th Cir. 2008).

In *Clisby*, out of "deep concern over the piecemeal litigation of federal habeas petitions filed by state prisoners," we exercised our supervisory authority over the district courts and instructed them to resolve all constitutional claims for relief raised in § 2254 habeas corpus petitions, regardless of whether habeas relief was granted or denied. 960 F.2d at 935–36. We noted "the obligation of federal courts to consider the important interests of comity and finality implicated in federal habeas review of state convictions and sentences." *Id.* at 935. Thus, we

2

"will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims whenever the district court has not resolved all such claims." *Id.* at 938.

This Court has not addressed in a published opinion whether the rule announced in *Clisby* barring piecemeal litigation applies to § 2255 motions to vacate. This Court has held, however, the legal principles developed in § 2254 proceedings generally apply to § 2255 motions to vacate. *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987). Furthermore, the Government concedes *Clisby* applies. Thus, we hold *Clisby* applies to Reed's § 2255 motion, and the district court was required to address all of the constitutional claims Reed raised in his motion to vacate.

Having concluded *Clisby* applies to Reed's § 2255 motion, we next must determine if the district court violated *Clisby* by failing to address Reed's claim that the Government breached the plea agreement by failing to recommend a sentence at the low end of the guideline range. There are three elements of a *Clisby* violation: (1) the appellant raised a claim (2) that affected constitutional rights, and (3) the district court failed to address this claim. *See Clisby*, 960 F.2d at 936.

3

Reed's memorandum in support of his § 2255 motion expressly raised the issue of whether the Government breached the plea agreement by failing to recommend a sentence at the low end of the guideline range. Furthermore, this claim implicated Reed's constitutional rights because this Court has held the breach of a plea agreement is a violation of the Due Process Clause of the Fifth Amendment. *See United States v. Harvey*, 869 F.2d 1439, 1443–44 (11th Cir. 1989) (en banc). Finally, the district court did not address this claim in its order denying Reed's motion to vacate. Accordingly, as the Government concedes, the district court failed to comply with the requirements of *Clisby*.

Thus, we vacate, without prejudice, the district court's order denying Reed habeas relief, and remand his remaining claim for consideration by the district court. After ruling on the merits of Reed's claim, the district court shall also determine whether to grant a certificate of appealability. *See Callahan v. Campbell*, 396 F.3d 1287, 1289 (11th Cir. 2005). We retain jurisdiction over the appeal, pending the district court's decision. *Id.*

**VACATED AND REMANDED.**