[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17390
Non-Argument Calendar
_____

D.C. Docket Nos. 5:14-cv-00034-MW-CJK,
5:12-cr-00025-MW-CJK-1

BRENNON KYLE HOLLEY,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(December 20, 2017)

Before MARTIN, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

Brennon Holley, a federal prisoner, appeals from the district court's denial of his motion to vacate or correct sentence, 28 U.S.C. § 2255, which he filed after pleading guilty to one count of attempting to persuade, induce, or entice a minor to engage in sexual activity. In his motion to vacate, Holley alleged, among other things, ineffective assistance of plea counsel. After an evidentiary hearing, the district court denied Holley's motion, concluding that counsel's performance was not deficient and that any errors did not prejudice Holley. The district court then granted a certificate of appealability on whether plea counsel rendered ineffective assistance such that Holley should be permitted to withdraw his guilty plea. Because we conclude that the court did not address one of Holley's claims of ineffective assistance, we vacate and remand for further proceedings.

## I. Background

*A.    Underlying Criminal Proceedings*

In October 2012, Holley pled guilty under a written plea agreement to one count of attempting to persuade, induce, or entice a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). The agreed Statement of Facts explained that on June 13, 2012, a Bay County Sheriff's Office investigator, posing as a 13-year-old girl named "Rhea," responded to a sexually explicit advertisement Holley posted on Craigslist. The investigator and Holley communicated by email, text message, and phone calls over the next few days, and Holley, believing Rhea

2

was only 13 years old, agreed to travel from Pensacola to Rhea's house in Panama City on Friday, June 15, 2012, to engage in sexual activity with her.

Holley's presentence investigation report calculated an advisory guideline range of 78 to 97 months of imprisonment based on a total offense level of 27 and a criminal history category of II. Because of the ten-year statutory minimum, however, Holley's guideline range became 120 months. *See* 18 U.S.C. § 2422(b).

At sentencing in January 2013, Holley personally addressed the district court and claimed that he had just recently learned of the mandatory minimum. He explained,

> I did not know of minimum mandatory looking at the points that I scored out to before, before October 18th when I pled guilty to this offense. I just—I really wanted to put this behind me, and I pled and thought that I would do that time that was allotted. I wasn't aware of the minimum mandatory. Now that I am aware of it, once again, I would like to get this behind me.

The court replied that it would consider allowing him to withdraw his guilty plea if he did not know of or was confused about the mandatory minimum. In response, Holley elaborated on his reasoning in pleading guilty:

> At the same time, Your Honor, I was told offenses of this nature are looked down upon understandably, quite understandably, and trials usually end up with 25 years to life. That's basically the option I was given, or the option I weighed, was do I want to take this to trial and possibly do 25 years to life, or do I pled [sic] guilty and do 87 months in prison? Actually, I pled.

3

When the district court explained that it likely could not sentence Holley below the mandatory minimum, Holley asked for additional time to consider his options. The government did not oppose Holley's request. Based on Holley's statements, however, the government reiterated that "[t]here [was] no 25 to life in this case" and that the "only mandatory minimum" that applied was 10 years. The court continued the sentencing hearing for three weeks.

When sentencing resumed in February 2013, Holley indicated that he was ready to go forward. The district court sentenced him to the minimum term of 120 months of imprisonment. Holley did not file a direct appeal.

## B.    Post-Conviction Proceedings

In 2014, Holley filed a *pro se* 28 U.S.C. § 2255 motion, which he later amended, raising, among other claims, allegations of ineffective assistance of plea counsel. In pertinent part, Holley claimed that counsel provided constitutionally ineffective assistance by (a) failing to conduct a meaningful investigation; (b) failing to explain various matters, including the elements of the charge against him, the strength of the government's case, and any available defenses, such as an entrapment defense; and (c) advising him that exercising his right to a jury trial would inevitably result in at least 25 years in prison.

In a supplemental *pro se* filing, Holley submitted an affidavit swearing that plea counsel told him that he would "inevitably receive" a prison term of 25 years

to life if he went to trial. Out of fear of a more severe sentence, Holley stated, he pled guilty. He also submitted affidavits from his grandmother and sister, who swore that counsel made the same sentencing prediction to them.

Finding that Holley's claims warranted greater scrutiny and development, a magistrate judge appointed habeas counsel, who then filed a supplemental brief in support of Holley's amended § 2255 motion. The magistrate judge set the matter for an evidentiary hearing.

Before the hearing, the parties submitted a joint pre-hearing stipulation and summary listing the issues to be resolved. Holley stated that the issues were whether counsel was ineffective in the following ways: (1) failing to properly advise him of the elements of the offense and the strength of the government's case; (2) failing to explore and advise him of an entrapment defense or other defenses; (3) failing to reasonably investigate the case; (4) advising him that he would receive a sentence in excess of 20 years if he went to trial and lost; and (5) failing to advise him about his appellate rights. The government, by contrast, believed that the issues were narrower and related to the failure to file a direct appeal, the sufficiency of the evidence to support the plea, and the viability of an entrapment defense.

An evidentiary hearing was held on May 11, 2016. Plea counsel was the only witness to testify. Counsel testified that he discussed with Holley the

5

evidence, the elements of the offense, and any potential defenses, but that he advised Holley to plead guilty because he believed that Holley was likely to lose at trial. Counsel also testified that he talked with Holley about the range of possible sentences. According to counsel, he advised Holley that a sentence of more than 10 years was unlikely if he pled guilty, but that there was a possibility of a more severe sentence if he went to trial and lost. However, counsel was not asked whether he told Holley that going to trial and losing would inevitably result in a prison sentence of at least 25 years.

Following the evidentiary hearing, and after receiving additional briefing from the parties, the magistrate judge issued a report and recommendation ("R&R") that Holley's amended § 2255 motion be granted. Addressing Holley's claims of ineffective assistance as a whole, the magistrate judge concluded that, for a variety of reasons, "Holley was deprived of the critical opportunity to make a meaningful and informed decision whether to go to trial."

After receiving the government's objections and Holley's response to them, the district court issued an exhaustive 92-page order rejecting the R&R and denying Holley's amended § 2255 motion. The court conducted its own review of the record, Holley's amended § 2255 motion, and the counseled supplemental brief in support of that motion, among other filings, and found that plea counsel's

performance was not deficient and that any errors by counsel did not prejudice Holley.

In particular, the district court determined that it was reasonable for counsel to advise Holley to plead guilty because the evidence was sufficient to prove his guilt beyond a reasonable doubt and a jury likely would have rejected an entrapment defense. The court further found that counsel reasonably decided not to investigate Holley's alleged preference for older women because it was unlikely to sway a jury. Finally, the court concluded that the reasonableness of counsel's advice to plead guilty was supported by the benefits in doing so. The court noted that Holley "literally faced life imprisonment for his offense," that the government promised not to seek more than the mandatory minimum if Holley pled, and that he would have faced a guideline range of 120 to 135 months of imprisonment after trial. As to that last point, the court stated, "pleading guilty had a real benefit to him by reducing the risk that the Court would sentence him at the high end of the Guidelines range and add over a year to what he actually received." However, the court did not expressly address Holley's claim that he was advised by counsel that going to trial increased his likely sentence by at least 15 years, not just 15 months.

Upon denying Holley's amended § 2255 motion, the district court granted a certificate of appealability on two issues: (1) whether plea counsel rendered ineffective assistance such that Holley should be permitted to withdraw his guilty

plea; (2) whether plea counsel failed to properly advise Holley of his appellate rights such that he should be permitted the opportunity to file a direct appeal. On appeal, Holley expressly waives review of the second issue, so our discussion is limited to the first.

## II. Standard of Review

Whether counsel rendered constitutionally ineffective assistance is a mixed question of law and fact that we review *de novo*. *Hagins v. United States*, 267 F.3d 1202, 1204 (11th Cir. 2001).

## III. Discussion

Holley's main contention on appeal is that plea counsel unreasonably advised him that he would likely receive a prison sentence of 25 years to life if he went to trial and lost. Had he been properly advised that he was unlikely to receive a sentence substantially above the 10-year mandatory minimum, Holley maintains, he would have insisted on taking his chances at trial. *See, e.g.*, *Lee v. United States*, 137 S. Ct. 1958, 1966–67 (2017) (stating that, when the respective consequences of a conviction after trial and by plea are, "from the defendant's perspective, similarly dire, even the smallest chance of success at trial may look attractive").

The government responds that there is no evidence that Holley was so advised by counsel. But, in fact, Holley's comments at the initial sentencing

hearing in January 2013 strongly suggest that he did receive that advice and that it affected his decision to plead guilty. At that hearing, he stated,

> I was told offenses of this nature are looked down upon understandably, quite understandably, and *trials usually end up with 25 years to life. That's basically the option I was given, or the option I weighed*, was do I want to take this to trial and possibly do 25 years to life, or do I ple[a]d guilty and do 87 months in prison?

(emphasis added).

The district court did not expressly address Holley's claim of ineffective assistance based on counsel's allegedly unreasonable sentencing advice, however, so it never resolved whether counsel's advice as to the respective consequences of a conviction after trial or by plea was deficient or whether Holley was prejudiced by counsel's advice, whatever it was.

District courts must resolve all claims for relief raised in a § 2255 motion, regardless of whether habeas relief is granted or denied.[1] *See Clisby v. Jones*, 960 F.2d 936, 935–36 (11th Cir. 1992) (*en banc*); *Rhode v. United States*, 583 F.3d 1289, 1291 (11th Cir. 2009) (extending *Clisby* to § 2255 motions). A claim for relief is "any allegation of a constitutional violation." *Clisby*, 960 F.2d at 936. A

---

[1] We recognize that appellate review is generally limited to the issues in the certificate of appealability, which, in this case, did not mention error under the rule of *Clisby*. *See Murray v. United States*, 145 F.3d 1249, 1250 (11th Cir. 1998). Nevertheless, we cannot meaningfully review whether plea counsel rendered ineffective assistance such that Holley should be permitted to withdraw his guilty plea—the substantive issue specified in the certificate of appealability——when a claim necessary to determine that question remains unresolved. *Cf. Callahan v. Campbell*, 396 F.3d 1287, 1288–89 (11th Cir. 2005) (finding error under *Clisby* after the district court granted a certificate of appealability on substantive claims that it failed to address).

defendant alleges a constitutional violation, and therefore a claim for relief, when he alleges that counsel provided ineffective assistance in violation of his Sixth Amendment rights. *See Strickland v. Washington*, 466 U.S. 668, 685–86 (1984).

We cannot consider claims that the district court has not resolved in the first instance. *See Clisby*, 960 F.2d at 935 ("[R]espondent urged us to consider the ineffective assistance claims not addressed by the district court. This we clearly cannot do."). Instead, when a district court does not address all claims in a motion to vacate, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." *Id.* at 938.

Generally, an unresolved claim constitutes a *Clisby* error regardless of the reason the claim was not resolved. *Puiatti v. McNeil*, 626 F.3d 1283, 1307 (11th Cir. 2010). But a claim must be raised in a way that the district court cannot misunderstand it in order for the district court to resolve it. *Smith v. Sec'y, Dep't of Corr.*, 572 F.3d 1327, 1352 (11th Cir. 2009). In *Smith*, we held that a petitioner failed to fairly present a legal argument to the district court when that argument was mentioned in only one sentence of a 116-page habeas petition, without citing any authority, and it was not mentioned in a 123-page supporting memorandum of law. *Id.* In *Dupree v. Warden*, 715 F.3d 1295, 1299 (11th Cir. 2013), however, we held that "two sentences found in the middle of a fifteen-page memorandum attached to [a § 2254] petition" sufficiently raised an ineffective-assistance-of-

counsel claim.  Because the district court did not resolve the claim, we vacated and remanded as a violation of the *Clisby* rule.  *Id.*

After reviewing the record here, we conclude that Holley adequately presented the ineffective-assistance-of-counsel claim based on counsel's allegedly unreasonable prediction of the likely consequences after a trial.  In a 22-page typed attachment to his amended § 2255 form, Holley claimed, under "GROUND SEVEN: Ineffective Assistance of Counsel," which covered four pages, that he was told by counsel that if he did not plead guilty, he would get a prison sentence of 25 years to life.  He then asserted that counsel's advice on this point was itself constitutionally deficient and induced him to plead guilty out of fear of a more severe sentence.  Thereafter, Holley submitted affidavits attesting that counsel gave that advice to him, his sister, and his grandmother.  Then, in the pre-hearing stipulation and summary, he included among five ineffective-assistance claims to be resolved "[w]hether counsel was ineffective, in violation of the Sixth Amendment, . . . for . . . advising the Petitioner that he would receive a sentence of 20 years if he went to trial and lost."  Holley's three sentences in the attachment to his amended § 2255 motion, combined with his actions later in the proceedings, were sufficient to raise the specific claim in a way that that district court could understand it.  *See Dupree*, 715 F.3d at 1299.

11

Moreover, Holley did not abandon that claim during the course of proceedings below.  To be sure, it was not a focus of his filings after habeas counsel was appointed.  And for that reason, we can certainly understand why the claim slipped through the cracks.  However, the record shows that his counseled filings merely supplemented, rather than superseded, his *pro se* amended § 2255 motion.  After being appointed, habeas counsel was given the option of filing an amended § 2255 motion or a supplemental brief, and counsel chose the latter.  Then, before the evidentiary hearing, habeas counsel included among the issues to be resolved at the evidentiary hearing the claim based on plea counsel's allegedly unreasonable sentencing advice.  Finally, after the hearing, habeas counsel's brief, which focused on issues of evidentiary sufficiency and the viability of an entrapment defense, made clear that it was "intended to supplement the arguments Mr. Holley raised in his Amended Motion," and that Holley did not intend to abandon the issues discussed therein, apart from limited exceptions not relevant here.[2]  Nor did the district court make any finding that Holley had abandoned the ineffective-assistance claim based on plea counsel's allegedly unreasonably sentencing advice.

---

[2]  In the pre-hearing stipulation and summary, Holley expressly waived his claims that the presentence investigation was flawed and that 18 U.S.C. § 2422(b) violates the Commerce Clause of the United States Constitution.

12

Despite the district court's commendably thorough and probing treatment of Holley's claims, we nevertheless conclude that it did not address his specific claim that plea counsel provided ineffective assistance by advising him that he would likely be sentenced to at least 25 years in prison if he went to trial.  The court's factual findings do not permit resolution of that specific claim, and, without a resolution as to that claim, we cannot meaningfully review whether plea counsel rendered ineffective assistance such that Holley should be permitted to withdraw his guilty plea.  *See Long v. United States*, 626 F.3d 1167, 1170 (11th Cir. 2010) ("[W]e have long required the district courts . . . to facilitate meaningful appellate review by developing adequate factual records and making sufficiently clear findings as to the key issues.").

Accordingly, we conclude that the district court violated *Clisby* when it did not address Holley's claim that plea counsel provided ineffective assistance by unreasonably advising him that he would likely be sentenced to at least 25 years in prison if he went to trial.  We therefore vacate the district court's judgment without prejudice and remand for consideration of this claim.  *See Rhode*, 583 F.3d 1292; *Clisby*, 960 F.2d at 938.  We decline to consider the other arguments Holley presents on appeal and instead leave these matters to be addressed, as appropriate, following the district court's disposition of Holley's remaining claim.  *See Clisby*, 960 F.2d at 936 ("Policy considerations clearly favor the contemporaneous

13

consideration of allegations of constitutional violations grounded in the same factual basis . . . .").

**VACATED AND REMANDED**.