**Alan HUMPHREY,**
**Petitioner-Appellant,**

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 84–8968
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

July 29, 1985.

W. Louis Sands, Asst. U.S. Atty., Macon, Ga., for plaintiff-appellee.

Before RONEY, FAY and JOHNSON, Circuit Judges.

PER CURIAM:

Appellant, a federal prisoner, was convicted in 1981 of interstate transport of a stolen motor vehicle and counterfeit vehicle certificates of title. *See* 18 U.S.C.A. §§ 2312–15. This Court affirmed appellant's conviction on appeal. *United States v. Humphrey*, 670 F.2d 153 (11th Cir.), *cert. denied*, 456 U.S. 1010, 102 S.Ct. 2305, 73 L.Ed.2d 1307 (1982).

In March 1982, appellant filed his first motion attacking sentence pursuant to 28 U.S.C.A. § 2255. This motion was summarily denied in November 1982, with the district court holding simply that "[t]he motion and the files and records of petitioner's case conclusively show that the petitioner is entitled to no relief in this court." Appellant filed a notice of appeal and a motion for leave to proceed in forma pauperis. Both the district court and this Court denied appellant's motion for in forma pauperis status, and his appeal was

subsequently dismissed for failure to pay filing fees.

Appellant then filed a second motion under Section 2255. In January 1984, the district court denied this motion as successive, citing Rule 9(b) of the Rules Governing Section 2255 Proceedings. Appellant again filed a notice of appeal and a motion to proceed in forma pauperis, which the district court and this Court denied with little discussion. As before, the appeal was dismissed for failure to pay filing fees.

Appellant filed a third Section 2255 motion in November 1984. Pursuant to Rule 9(b), this motion was also denied as successive. We now consider a timely appeal from this denial. Appellant's briefs address the substantive issues raised in his third motion. The Government's brief takes a different tack, arguing that the district court did not abuse its discretion in dismissing the motion as successive. The Government also points out that all of the issues raised in the third motion were found to be frivolous by this Court when it denied appellant's request for in forma pauperis status for the appeals from the denials of his first two motions.

■ The Supreme Court has announced two rules to govern the disposition of repetitive Section 2255 motions. *Sanders v. United States,* 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). The first rule applies to a successive motion which alleges no new grounds for relief. In this instance, the district court may, in its discretion, deny the motion if all of the claims raised in the prior motion were adjudicated on their merits and the ends of justice would not be served by considering the merits again. The burden is on the movant to demonstrate that reconsideration would serve the ends of justice. *Id.* at 15–17, 83 S.Ct. at 1077–1078.

■ Presentation of new grounds for relief in a later motion invokes the second rule announced in *Sanders:* The district court must address the new grounds unless the movant's failure to prosecute these grounds earlier constitutes an abuse of the

motion remedy. *Id.* at 17, 83 S.Ct. at 1078; *Bass v. Wainwright,* 675 F.2d 1204, 1206 (11th Cir.1982). The Government has the burden of pleading abuse. *Sanders v. United States, supra,* 373 U.S. at 17, 83 S.Ct. at 1078; *Potts v. Zant,* 638 F.2d 727, 747 (5th Cir.), *cert. denied,* 454 U.S. 877, 102 S.Ct. 357, 70 L.Ed.2d 187 (1981). Once the issue of abuse is raised, the burden shifts to the movant to show that his failure to assert the new grounds in an earlier motion does not comprise an abuse. *United States v. Carter,* 756 F.2d 883, slip op. at 4 (11th Cir.1985); *Potts v. Zant, supra,* 638 F.2d at 747.

Appellant's third Section 2255 motion states eleven grounds for relief: (1) problems relating to the admission of certain tape recordings into evidence; (2) failure of the prosecutor to disclose evidence favorable to appellant; (3) unlawful selection of grand or petit jury members; (4) ineffective assistance of counsel at several stages of the trial proceedings; (5) Government intimidation of a witness; (6) abuse of discretion by admitting evidence of a conviction more than ten years old; (7) use of extra-record material when the prosecutor asked questions regarding other stolen cars; (8) admission of evidence of another crime unrelated to the present case; (9) prosecutorial misconduct during closing argument and denial of the right of confrontation; (10) denial of the right to counsel at arraignment and failure of the judge to advise appellant of the law before accepting his plea; and (11) improper jury charge referring to other federal crimes.

■ In comparing these asserted grounds for relief with claims raised in appellant's previous motions, two principles must be kept in mind. First, doubts as to whether two grounds are different must be resolved in appellant's favor. *Sanders v. United States, supra,* 373 U.S. at 16, 83 S.Ct. at 1077. Second, only previous motions that have been denied on their merits may be considered. *See Bass v. Wainwright, supra,* 675 F.2d at 1206–07 (dismissal for failure to state a claim constitutes judgment on the merits). Here, only appel-

lant's first motion may be compared with the present motion, since the second motion was dismissed as successive rather than on its merits. This Court's denial of in forma pauperis status in the appeal from the district court's denial of the second motion was likewise not a judgment on the merits.

■ Based on our study of the record, it appears that appellant's first motion contained the substance of grounds one, four, and six, the confrontation issue from ground nine, and the right to counsel issue from ground ten. Therefore, these claims were properly denied as successive, as appellant did not attempt to demonstrate that reconsideration would serve the ends of justice. By contrast, grounds three, five, seven, eight, and eleven, the closing argument issue of ground nine, and the uninformed plea issue of ground ten were not raised in the first motion and, therefore, were improperly dismissed as successive. *Sanders v. United States, supra,* 373 U.S. at 17, 83 S.Ct. at 1078. With respect to these grounds, appellant was not obliged to prove the absence of abuse until the issue was raised by either the Government or the court. Moreover, the record does not clearly show abuse on appellant's part. He apparently did not have access to the transcript of his trial until after the denial of his first Section 2255 motion.

We hold that the district court abused its discretion by denying appellant's third Section 2255 motion as entirely successive. Accordingly, we reverse the judgment of the district court and remand with directions that the Government be permitted to reply to appellant's motion and, if either the Government or the court raises the issue of abuse, that appellant be given the opportunity to prove its absence.

REVERSED and REMANDED.