John Wesley GAY, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 86–8769
Non-Argument Calendar.

United States Court of Appeals,
Eleventh Circuit.

May 12, 1987.

Joe D. Whitley, U.S. Atty., Louis Sands, Asst. U.S. Atty., Macon, Ga., for respondent-appellee.

Before HILL, KRAVITCH and EDMONDSON, Circuit Judges.

PER CURIAM:

John Wesley Gay was convicted by a jury on one count of a three count indictment for robbing a federally insured bank in violation of 18 U.S.C. 2113(d). He subsequently filed a *pro se* § 2255 motion, alleging, *inter alia,* that a government witness, Timothy Peglar, was induced through police harassment to give perjured testimony, and that Gay's counsel was ineffective. Gay claimed his counsel was inadequate because, among other things, he did not investigate Peglar's reason for testifying

or the extent of Peglar's criminal record. This § 2255 motion was denied on the merits, and the denial was affirmed on appeal. *United States v. Gay,* 767 F.2d 936 (11th Cir.1985) (unpublished opinion).

Gay then filed a second § 2255 motion, alleging that the prosecution failed to disclose to his counsel that Peglar had a state criminal charge pending against him at the time of Gay's arrest, that this charge was dismissed in exchange for Peglar's testimony at trial.

The government moved to dismiss Gay's second motion as successive under Rule 9(b), rules foll. § 2255 or, alternatively, because Gay's allegations were conclusory and without factual basis. Gay responded, explaining that he failed to allege these grounds in his prior § 2255 motion because of his "lack of legal knowledge" and "limited legal perceptions." He also argued he was entitled to an evidentiary hearing on his claims.

The district court found that Gay's failure to raise these grounds in his prior motion constituted an abuse, and denied the motion. In doing so, the court pointed out that Gay's most recent allegations were "remarkably similar to those supporting his claim of ineffective assistance of counsel in his first petition," and found that Gay failed to account adequately for his reasons for omitting these grounds in his first motion. The court ruled that Gay's stated excuse, his lack of legal knowledge, was not a legitimate reason for the omission. The judge explained:

> [T]he pleadings, briefs and motions filed with this petition, the first section 2255 motion, as well as his numerous motions for appeal and mandamus from the Eleventh Circuit demonstrate that while Mr. Gay is proceeding pro se, he has the ability to understand the legal significance of the facts and circumstances of his case and some appreciation of the legal concept of abuse of the motion remedy. The court notes that Mr. Gay is no stranger to the courthouse.
>
> Petitioner has advanced no legitimate reasons for his failure to assert arguably successive grounds in his first motion.

*See e.g., Sanders v. United States,* 373 U.S. [1] at 15–17, [83 S.Ct. 1068, 1077–78, 10 L.Ed.2d 148 (1963)]; *Funchess v. Wainwright,* 788 F.2d 1443 (11th Cir. 1986); *Humphrey v. United States,* 766 F.2d 1522 (11th Cir.1985). Nor has Mr. Gay shown that his petition is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence. On the contrary, petitioner's statement of facts indicates that he possessed all the relevant facts about Timothy Peglar before his trial and well in advance of his first section 2255 motion.

Gay then filed a motion for reconsideration, alleging for the first time that he had not brought the present claims regarding Peglar in his initial § 2255 motion because he did not discover the information until that action was on appeal to this court. He alleged that he raised the issue in that appeal, but this court refused to address it as it was improperly raised for the first time on appeal. The district court denied Gay's motion for reconsideration without further explanation.

## DISCUSSION

Gay argues on appeal that he did not learn of the new facts until after his first § 2255 motion was on appeal to this court and that his lack of legal knowledge should constitute "cause and excusable omission" because he never intentionally withheld a "perceived issue based upon known facts."

The government argues that Gay did not meet his burden of showing that his current motion was not an abuse of the rules governing § 2255. Gay's proffered excuse to the district court was that he was not a trained attorney and, the government asserts, the district court was not told that Gay was factually ignorant of the new ground until after its ruling.

 When a defendant presents new grounds for relief in a later § 2255 motion, the district court must address those grounds "unless the movant's failure to prosecute these grounds earlier constitutes an abuse of the motion remedy." *Humphrey v. United States,* 766 F.2d 1522,

1524 (11th Cir.1985) *citing Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963). The government must plead abuse, and then "the burden shifts to the movant to show that his failure to assert the new grounds in an earlier motion does not comprise an abuse." *Id.* The movant must prove by a preponderance of the evidence that he was ignorant of facts necessary to support the new ground when the prior motion was filed, or that he had not realized that those facts provided the basis for § 2255 relief. *See Booker v. Wainwright*, 764 F.2d 1371, 1376–77 (11th Cir.), *cert. denied*, —— U.S. ——, 106 S.Ct. 339, 88 L.Ed.2d 324 (1985).[1] If, however, the movant intentionally withheld a claim from the previous petition, or was inexcusably neglectful, the motion may be dismissed. *Haley v. Estelle*, 632 F.2d 1273, 1375 (5th Cir.1980) (citations omitted).

 Here, we hold that the government properly pled abuse of the § 2255 process, and that Gay failed to show that he was not abusing the writ. First, we agree with the district court that Gay's first argument, that his lack of legal knowledge prevented him from asserting these claims earlier, is untenable. By his own admission, Gay knew that these facts stated a claim for § 2255 relief. Additionally, assuming that the claims in Gay's motion for rehearing were properly before the district court, his contention that his successive claims are based on newly discovered facts is also suspect. Gay failed to allege that his claims were premised on "new" facts until his motion for reconsideration, and provided no support for his assertion that he was unaware of these facts when filing the first motion.[2] Further, as the district court found, these "new" facts bear a striking resemblance to the facts he asserted in his previous petition. All of the "new" allegations relate to Peglar's credibility, an issue explored at length in Gay's first petition.[3] The district court did not err in finding that Gay failed to prove by a preponderance of the evidence that he was ignorant of the facts necessary to support the new grounds when he filed his previous motion. *See Sanders v. United States*, 83 S.Ct. at 1078–79. The judgment of the district court dismissing his petition is therefore AFFIRMED.

---

1. Although *Booker* analyzes abuse of a writ of habeas corpus, the principles developed in habeas cases also apply to § 2255 motions. *See Sanders v. United States*, 83 S.Ct. at 1078.

2. For example, in the statement of facts to the district court supporting his second motion, Gay maintained that, in 1980, his Aunt (who he claims was also Peglar's grandmother) called Gay's sister and told her that Peglar had been arrested by the City of Griffin, Georgia's police department for attempting to sell a car without proof of legal title. In his petition for rehearing, Gay claimed that *this* is the charge that was dismissed pursuant to an alleged agreement to have Peglar testify against him. Gay never explained why it took four years for his sister to convey this information to him.

3. We note in passing that the district court could have made short shrift of Gay's *Brady* claims on the merits, had they been reached. In Gay's prior unsuccessful § 2255 motion, the district court made a specific finding that "Peglar's testimony simply was not crucial to the prosecution." Although *res judicata* does not operate in the § 2255 arena, *see Sanders v. United States*, 83 S.Ct. at 1075–77, Gay has alleged no new facts which affect the district court's finding that Peglar's testimony was not crucial to Gay's conviction. *See United States v. Bagley*, 473 U.S. 667, 105 S.Ct. 3375, 3381–84, 87 L.Ed.2d 481 (1985) (prosecutor's failure to disclose exculpatory evidence in response to a defense request amounts to constitutional error only if there is a reasonable probability that such evidence would have affected the outcome of trial). Moreover, this finding was buttressed by our conclusion, in evaluating Gay's original § 2255 motion, that:

 Even in the absence of all evidence that could be affected by counsel's alleged errors, there is more than sufficient evidence to support the jury's verdict of guilty beyond a reasonable doubt. *Gay v. United States*, No. 83–194–2 MAC at 7–8 (M.D.Ga. July 19, 1984); *see Strickland v. Washington* [466 U.S. 668], 104 S.Ct. 2052, 2064–69 [80 L.Ed.2d 674] (1984).

 These alleged errors included counsel's failure to investigate Peglar's police record, and failure to adequately cross-examine him. Thus, on the merits, this second attack on Peglar's credibility serves no purpose.