[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 18, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-14019
Non-Argument Calendar

_____

D. C. Docket Nos. 05-00733-CV-T-26-TBM
and 03-00302-CR-T-2

RYAN FERRO,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 18, 2006)**

Before ANDERSON, BIRCH and HULL, Circuit Judges.

PER CURIAM:

Ryan Ferro, proceeding <u>pro se</u>, appeals the denial of his motion to vacate his

sentence brought pursuant to 28 U.S.C. § 2255. After review, we vacate and remand this case to the district court.

## I. BACKGROUND

Ferro filed a § 2255 motion in which he raised the following five claims: (1) trial counsel was ineffective for failing to file an appeal of Ferro's conviction and sentence after he instructed counsel to do so; (2) trial counsel was ineffective for failing to make a constitutional objection to the drug quantity attributed to him for purposes of sentencing; (3) trial counsel was ineffective for advising him to withdraw his objection to the drug quantity finding and to stipulate that the offense involved 1.5 kilograms of crack cocaine; (4) the government violated the terms of the plea agreement by threatening to withdraw its recommendation of an acceptance-of-responsibility reduction under U.S.S.G. § 3E1.1 or to not file a U.S.S.G. § 5K1.1 motion for a downward departure if Ferro contested drug quantity attributed to him at sentencing; and (5) trial counsel was ineffective in negotiating an appeal waiver as part of his plea agreement because it now prevents him from appealing the drug quantity attributed to him at sentencing.

In denying Ferro's motion, the district court distilled all of Ferro's claims down to a single issue: whether trial counsel was ineffective in failing to make a proper objection to the drug quantity attributed to Ferro at sentencing so that the

2

issue could be preserved for appellate review. The district court concluded that Ferro's sworn statements at his sentencing that he did not want to turn the drug quantity issue into an "adversarial situation" belied his claim of ineffective assistance and denied Ferro's § 2255 motion.

Ferro filed a notice of appeal. We granted a certificate of appealability on the following issue only: "[w]hether the district court violated Clisby v. Jones, 960 F.2d 925, 936 (11th Cir. 1992) (en banc), by failing to address all of the claims raised in appellant's 28 U.S.C. § 2255 motion?"

## II. DISCUSSION

On appeal, Ferro argues, and we agree, that the district court did not address all of the claims raised in his § 2255 motion.[1] In Clisby, we instructed the district courts to resolve all claims for relief raised in a petition for writ of habeas corpus prior to granting or denying relief. 960 F.2d at 936. We concluded that when a district court fails to address all claims in the habeas petition, "we will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." Id. at 935.[2]

---

[1] In reviewing a district court's denial of a § 2255 motion, we review findings of fact for clear error and questions of law de novo. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir.), cert. denied, 543 U.S. 891 (2004).

[2] Although Clisby involved a petition brought pursuant to 28 U.S.C. § 2254, the primary concern motivating this Court's decision to require district courts to address all issues in the first instance was the piecemeal litigation that necessarily ensues when only some claims are

Upon review of the record, and upon consideration of the parties' briefs, we conclude that the district court failed to address two of Ferro's claims, namely: (1) whether trial counsel was ineffective for failing to file an appeal as allegedly instructed by Ferro; and (2) whether the government violated the terms of Ferro's plea agreement by threatening to withdraw favorable sentencing recommendations if Ferro contested the drug quantity attributed to him at sentencing.[3] The record shows that the district court did not address Ferro's allegations that he asked his attorney to file an appeal. Similarly, the district court failed to address Ferro's allegation that the government engaged in threatening and improper conduct prior to sentencing, in violation of the plea agreement, and that, as a result, Ferro stipulated to an increased drug quantity at sentencing. Because the district court did not address the merits of these two claims, we vacate the judgment and remand the remaining claims for consideration by the district court.

**VACATED AND REMANDED.**

---

addressed in the first instance. Clisby, 960 F.2d at 935. ("We . . . seize this opportunity to express our deep concern over the piecemeal litigation of federal habeas petitions filed by state prisoners . . . ."). Likewise, a district court is required to address all issues raised in a § 2255 motion in the first instance. See Gay v. United States, 816 F.2d 614, 616 n.1 (11th Cir. 1987) ("[T]he principles developed in habeas cases also apply to § 2255 motions.").

[3]We reject Ferro's argument that the district court failed to address Ferro's claim that his trial counsel was ineffective in negotiating an appeal waiver as part of Ferro's plea agreement. The district court addressed this claim when it rejected on the merits Ferro's contention that his trial counsel was ineffective in failing to preserve for appellate review the constitutional objection to the drug quantity attributed to him at sentencing.