[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 15, 2006
THOMAS K. KAHN
CLERK

No. 05-16255
Non-Argument Calendar

_____

D. C. Docket Nos. 05-21394-CV-PCH & 02-20286-CR-PCH

TAURUS LEROY TAYLOR,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 15, 2006)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Taurus Leroy Taylor, proceeding pro se, appeals the district court's denial of

his motion to vacate his sentence brought pursuant to 28 U.S.C. § 2255. After review, we affirm.

## I. BACKGROUND

A jury convicted Taylor of one count of conspiracy to commit Hobbs Act robberies, one count of conspiracy to use and carry a firearm in relation to a crime of violence, three counts of Hobbs Act robbery and three counts of using, carrying and discharging a firearm during the commission of a crime of violence. Taylor was sentenced to a total of 955 months' imprisonment.[1]

Taylor filed a direct appeal, arguing that there was insufficient evidence to support his Hobbs Act convictions. This Court affirmed his convictions.

Taylor then filed this § 2255 motion, arguing that his trial counsel had been ineffective for a variety of reasons, including, in relevant part, (1) failing to object to the jury instruction about "affecting interstate commerce" as improperly amending the indictment; and (2) failing to object that the indictment was insufficient because the charge did not include (a) the type of firearm allegedly used or carried, and (b) the element of criminal intent for the Hobbs Act robberies,

---

[1]Specifically, Taylor received concurrent 235-month sentences on counts 1, 2, 3, 5 and 7 (the conspiracy and substantive offenses related to the Hobbs Act robberies), a consecutive 120-month sentence on count 4 (one of the firearms charges), a 300-month sentence on count 6 (another firearms charge), to run consecutively to counts 1, 2, 3, 4, 5 and 7 and a final sentence of 300 months on count 8 (the third firearms charge), to run consecutively to all the other counts, resulting in a total of 955 months' imprisonment.

which were material elements.

The district court denied Taylor's § 2255 motion. Specifically, the district court stated that, while counsel's failure to object to a defective indictment could constitute ineffective assistance, the indictment in Taylor's case was not defective. The district court then concluded that "[b]ecause these and the other points Taylor now raises with respect to [the indictment] are patently without merit, trial counsel was not ineffective in failing to assert them."

The district court also addressed Taylor's claim of ineffective assistance based on counsel's failure to object to the "affecting interstate commerce" jury instruction. The district court found no ineffective assistance of counsel because "all of the challenged jury instructions . . . were proper and supported by the charged offenses and the evidence presented at trial." The district court stated that, had Taylor's counsel raised Taylor's proposed objections to the jury instructions, the district court would have properly overruled them. The district court also determined that the jury instructions did not constructively amend the indictment.

Taylor filed this appeal. We granted a certificate of appealability ("COA") on only this issue:

Whether the district court violated Clisby v. Jones, 960 F.2d 925, 938 (11th Cir. 1992) (en banc), by failing to address appellant's claims that his counsel was ineffective for failing to object to the fact that (1) the indictment was insufficient because the charges did not include

3

(a) the type of firearm that was allegedly used or carried, and (b) the element of criminal intent for the Hobbs Act robberies, and (2) the fact that the court's jury instruction on what constituted "affecting interstate commerce" improperly amended his indictment.

## II. DISCUSSION

On appeal, Taylor argues that the district court failed to address some of his ineffective assistance claims.[2] In Clisby, this Court instructed district courts to resolve all claims for relief raised in a petition for a writ of habeas corpus prior to granting or denying relief.[3] Id. at 936. When a district court fails to address all claims in the habeas petition, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." Id. at 938.[4]

Here, we find no Clisby error because the district court addressed all of the

---

[2]We reject the government's argument that Taylor abandoned the Clisby issues (upon which this Court granted the COA) by failing to argue them sufficiently in his brief. Taylor's pro se brief, which we construe liberally, expressly states that "the district court failed to properly address" certain claims of ineffective assistance of counsel.

[3]Although Clisby involved a petition brought pursuant to 28 U.S.C. § 2254, the primary concern motivating this Court's decision to require district courts to address all issues in the first instance was the piecemeal litigation that necessarily ensues when only some claims are addressed in the first instance. Clisby, 960 F.2d at 935. Likewise, a district court is required to address all issues raised in a § 2255 motion in the first instance. See Gay v. United States, 816 F.2d 614, 616 n.1 (11th Cir. 1987) ("[T]he principles developed in habeas cases also apply to § 2255 motions.").

[4]In reviewing a district court's denial of a § 2255 motion, we review findings of fact for clear error and questions of law de novo. Lynn v. United States, 365 F.3d 1225, 1232 (11th Cir. 2004).

4

claims in Taylor's § 2255 motion.  Specifically, the district court expressly discussed and rejected Taylor's ineffective assistance claims based on his trial counsel's failure to object to the indictment and failure to object to the "affecting interstate commerce" instruction as improperly amending the indictment.  The district court ruled that the indictment claim lacked merit, that the jury instruction was proper and did not constructively amend the indictment and that trial counsel was not ineffective for not raising those objections.  We therefore affirm the district court's judgment denying Taylor's § 2255 motion.

**AFFIRMED.**