[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-10047
Non-Argument Calendar
_____

D.C. Docket Nos. 2:00-cv-01017-WHA-DRB,
2:95cr-00174-WHA-TFM-1

DARRYL ELLIS,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

(November 25, 2014)

Before ROSENBAUM, JULIE CARNES, and EDMONDSON, Circuit Judges.

PER CURIAM:

Darryl Ellis appeals the district court's dismissal without prejudice of his motion for relief under 28 U.S.C. § 2255 or, in the alternative, under 28 U.S.C. § 2241. No reversible error has been shown; we affirm.

In his motion for relief, Ellis contends that he was sentenced improperly to a mandatory life sentence under 21 U.S.C. § 851 and seeks resentencing in the district court. In seeking an enhanced sentence under section 851, the government relied on a 1994 cocaine trafficking charge to which Ellis had pleaded nolo contendere but for which Ellis had not yet been adjudicated guilty or sentenced.[1] Based in part on this previous supposed conviction, Ellis was classified as a career offender and was sentenced to two concurrent mandatory life sentences. Ellis now argues, that because he had not yet been "convicted" of the 1994 cocaine trafficking charge, the charge should not have been used to enhance his sentence under section 851(a).[2]

The district court dismissed Ellis's motion for relief. To the extent Ellis's motion is construed as a section 2255 motion to vacate, the district court dismissed

---

[1] After his nolo contendere plea, Ellis absconded and remained a fugitive until his arrest for federal drug offenses in this case. Final judgment was entered against Ellis for the cocaine trafficking charges two years after Ellis was sentenced in this case.

[2] The government concedes that it filed a defective section 851 notice: not yet convicted.

it as successive: Ellis's initial section 2255 motion was denied on the merits, and Ellis had not sought permission from this Court to file a second section 2255 motion. To the extent Ellis's motion is construed as a section 2241 petition, the district court determined that it lacked jurisdiction to consider the petition because Ellis did not satisfy the requirements of section 2255(e)'s savings clause.

Ellis filed a notice of appeal, which the district court construed as a notice of appeal from the dismissal of the section 2241 petition[3] and an application for a certificate of appealability ("COA") of the dismissal of Ellis's section 2255 motion. The district court issued a COA on one issue:

> [W]hether [Ellis's] request for re-sentencing is a successive § 2255 motion made without first obtaining authority from the Court of Appeals and, if so, whether the Court of Appeals should now authorize this court to consider it, thus vesting this court with jurisdiction to re-sentence [Ellis].

I.

We review de novo the dismissal of a 28 U.S.C. § 2255 motion as second or successive. Boyd v. United States, 754 F.3d 1298, 1301 (11th Cir. 2014). And we

---

[3] Ellis does not need a certificate of appealability to appeal the dismissal of his section 2241 petition. See Sawyer v. Holder, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003) (federal prisoners proceeding under section 2241 do not need a certificate of appealability to appeal).

review a district court's legal conclusions de novo and factual findings for clear error. Devine v. United States, 520 F.3d 1286, 1287 (11th Cir. 2008).

On appeal, Ellis contends that his current section 2255 motion is not successive because his claim (that he was sentenced improperly based on a defective section 851 notice) had not been raised in a previous section 2255 motion.[4] In support of his argument, Ellis relies mainly on two cases: Sanders v. United States, 83 S.Ct. 1068 (1963), and Humphrey v. United States, 766 F.2d 1522 (11th Cir. 1985). But the judicially-created equitable rules set forth and applied in Sanders and Humphrey have since been largely superseded by the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). See 28 U.S.C. §§ 2244(b), 2255(h); Gonzalez v. Sec'y, Dep't of Corr., 366 F.3d 1253, 1269 (11th Cir. 2004) (en banc) (noting the "increasingly tight restrictions on second and successive petitions" and explaining that we have moved away from "the more permissive ends of justice and abuse of writ standards" set out in Sanders to, under AEDPA, "a near-total ban" on claims not raised in a prior petition).

Under AEDPA, a prisoner who has filed a section 2255 motion to vacate is limited in his ability to file a "second or successive" section 2255 motion. Boyd,

---

[4] Ellis filed his first section 2255 motion in 2000, which the district court denied on the merits. Ellis later filed two other motions challenging his sentence which were construed as section 2255 motions and denied as successive.

4

754 F.3d at 1301. "If a court determines that a § 2255 motion is 'second or successive,' the motion must be certified by the court of appeals before the district court may reach the merits of the motion." Id. While "the phrase 'second or successive' is not self-defining," we have said that "the bar on second or successive motions applies when, for example, a petitioner could have raised his or her claim for relief in an earlier filed motion, but without a legitimate excuse, failed to do so." Id.

We have recognized the existence of "a small subset of unavailable claims that must not be categorized as successive," but Ellis's claim is not one of them. See Stewart v. United States, 646 F.3d 859, 863 (11th Cir. 2011) (explaining that "if the purported defect did not arise, or the claim did not ripen, until after the conclusion of the previous [section 2255] petition, the later petition based on that defect may be non-successive."). Here, Ellis's claim about the defective section 851 notice was both available and ripe as soon as the defective notice was filed in 1996.[5] Thus, Ellis could have -- but failed to -- raise the claim at sentencing, on

---

[5] This case is readily distinguishable from the Supreme Court's decisions in Panetti, Slack, and Martinez-Villareal, each of which involved claims that were unripe for review, unexhausted, or premature when petitioner's first habeas petitions were filed. See Panetti v. Quarterman, 127 S.Ct. 2842, 2855 (2007) (concluding that "[t]he statutory bar on 'second or successive' applications does not apply to a Ford [v. Wainwright, 106 S.Ct. 2595 (1986)] claim brought in an application filed when the claim is first ripe."); Slack v. McDaniel, 120 S.Ct. 1595, 1601 (2000) ("a habeas petition which is filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a 'second or successive' petition"); Stewart v. Martinez-Villareal, 118 S.Ct. 1618, 1622 (1998) (concluding that petitioner's Ford claim,

5

direct appeal, or when he filed his initial section 2255 motion.  Because Ellis's section 2255 motion is "second or successive," and because Ellis has failed to receive (or even argue that he qualifies for) authorization from this Court to file a successive section 2255 motion,[6] the district court dismissed the motion properly for lack of jurisdiction.

## II.

The availability of habeas relief under 28 U.S.C. § 2241 presents a question of law that we review de novo.  Williams v. Warden, 713 F.3d 1332, 1337 (11th Cir. 2013).  "The applicability of the savings clause is a threshold jurisdictional issue" that cannot be waived.  Id.

Generally speaking, collateral attacks on the validity of a federal conviction or sentence must be brought under section 2255.  Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir. 2003).  But, under section 2255's "savings clause," a prisoner may file a collateral attack under section 2241 (and, thus, avoid the bar on

---

which had been raised in an earlier petition and dismissed as premature, was not "second or successive.").

[6] A "second or successive" section 2255 motion cannot be filed unless it is certified to contain "(1) newly discovered evidence . . . sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review . . . ."  28 U.S.C. § 2255(h).

second and successive section 2255 motions) if the prisoner can show that the remedy available under section 2255 "is inadequate or ineffective to test the legality of his detention." Id.; 28 U.S.C. § 2255(e).

For the savings clause to apply, a petitioner must show, among other things, that his section 2241 claim was squarely foreclosed by binding circuit precedent throughout petitioner's sentencing, direct appeal, and first section 2255 motion. Bryant v. Warden, 738 F.3d 1253, 1274 (11th Cir. 2013); Williams, 713 F.3d at 1343-44. We have said that usual restrictions on successive section 2255 motions, standing alone, do not render the remedies under section 2255 "inadequate or ineffective" within the meaning of the savings clause. See Gilbert v. United States, 640 F.3d 1293, 1308 (11th Cir. 2011) (en banc).

Ellis's claim about the defective section 851 notice was available -- and not squarely foreclosed by circuit precedent -- throughout Ellis's trial, direct appeal, and post-conviction proceedings. Because Ellis cannot show that his section 2255 remedies were "inadequate or ineffective" for purposes of triggering the savings clause, he cannot proceed under section 2241. See Sawyer, 326 F.3d at 1365. To the extent that Ellis's contention that he is serving an "illegal life sentence" can be construed as an assertion that he is actually innocent of his enhanced sentence (and, thus, supposedly entitled to raise a claim in a section 2241 petition), even if

7

the sentencing court had disregarded completely Ellis's 1994 cocaine trafficking charge, Ellis -- who undisputedly had another prior felony drug conviction about which the government  filed a proper section 851 notice -- would still have been eligible for a lawful life sentence.  See 21 U.S.C. § 841(b).  Thus, this case is not one where the alleged sentencing error resulted in a sentence greater than the statutory maximum.  Cf. Gilbert, 640 F.3d at 1319 n.20 ("the savings clause does not apply to sentencing errors that do not push the term of imprisonment beyond the statutory maximum.").

The district court dismissed properly Ellis's section 2241 petition for lack of jurisdiction.  See Williams, 713 F.3d at 1337.

AFFIRMED.