[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12284
Non-Argument Calendar
_____

D.C. Docket No. 1:00-cr-00001-JAL-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EWIN OSCAR MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(January 28, 2019)

Before TJOFLAT, JORDAN, and GRANT, Circuit Judges.

PER CURIAM:

Ewin Oscar Martinez alleged a jurisdictional defect in his criminal

convictions through a motion filed under Rule 60(b) of the Federal Rules of Civil

Procedure.  The district court construed his motion as a second or successive one

under 28 U.S.C. § 2255 and dismissed it for lack of jurisdiction because Martinez did not receive authorization to file it from us.  We affirm.

## I.

In 2000, a federal jury convicted Martinez of conspiracy to commit hostage taking, hostage taking, conspiracy to commit carjacking, carjacking, and using and carrying a firearm during a crime of violence.  The United States District Court for the Southern District of Florida sentenced him to life imprisonment.  This Court affirmed the convictions and sentence.  *See United States v. Ferreira*, 275 F.3d 1020 (11th Cir. 2001).

In 2002, Martinez filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.  The district court denied that motion.  Since then, Martinez has repeatedly filed motions attacking his convictions, and the district court has repeatedly dismissed them for lack of jurisdiction because Martinez has (repeatedly) failed to obtain our authorization to file a second or successive § 2255 motion.  *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) ("Without authorization, the district court lacks jurisdiction to consider a second or successive petition.").

In Martinez's latest filing, he submitted a "Motion to Reverse Jurisdictional Errors and Flagrant Violations of the Defendant's Constitutional Right of Due Process of Law," which he supplemented six times.  As supplemented, Martinez's

argument was that the district court lacked jurisdiction to sentence him because the government had not proven his guilt beyond reasonable doubt, and that his judgment of conviction was therefore void under Rule 60(b)(4) of the Federal Rules of Civil Procedure. About midway through his supplements, Martinez also filed a motion to disqualify the district judge for bias and prejudice under 28 U.S.C. §§ 144 and 455. In a single omnibus order dealing with these motions and others, the district court construed Martinez's Rule 60(b) motion as a successive § 2255 motion and dismissed it for lack of jurisdiction, and denied Martinez's disqualification motion because there was "no evidence of bias or prejudice" against Martinez or in favor of the government.

## II.

Although we typically review the denial of a Rule 60(b) motion for abuse of discretion, we review a district court's decision to construe such a filing as a second or successive § 2255 motion de novo. *See Farris*, 333 F.3d at 1216. We review a district judge's refusal to recuse herself for abuse of discretion. *Murray v. Scott*, 253 F.3d 1308, 1310 (11th Cir. 2001).

## III.

Martinez raises two arguments. First, he contends that because a "void judgment cannot be procedurally defaulted, forfeited or waived," the district court should have considered his jurisdictional arguments. Second, he argues that due

3

process required the district court to rule on the disqualification motion before considering the Rule 60(b) motion. We find neither argument persuasive.

### A. Rule 60(b) Motion

A federal prisoner must obtain our authorization before filing a second or successive § 2255 motion, and the failure to do so deprives the district court of jurisdiction to consider the motion. *See* 28 U.S.C. § 2255(h); *Farris*, 333 F.3d at 1216. Here, the district court correctly construed and dismissed Martinez's Rule 60(b) motion as an unauthorized successive § 2255 motion.

It does not matter that Martinez purported to file his motion under Rule 60(b). The Supreme Court has held that using Rule 60(b) "to present new claims for relief from a state court's judgment of conviction—even claims couched in the language of a true Rule 60(b) motion—circumvents AEDPA's requirement that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).[1] Martinez's filing is an attack on the validity of his criminal conviction, so it is properly analyzed as a successive § 2255 motion. *Gonzalez* held that "a Rule 60(b)(6) motion in a § 2254 case is not to be treated as a successive habeas petition if it does not assert, or

---

[1] The *Gonzalez* Court addressed this issue in the § 2254 context, but we have stated that "the principles developed in habeas cases also apply to § 2255 motions." *Gay v. United States*, 816 F.2d 614, 616 n.1 (11th Cir. 1987).

reassert, claims of error in the movant's state conviction." 545 U.S. at 538. Here, though, Martinez *does* assert claims of error in his conviction. We have held, after *Gonzalez*, that a Rule 60(b) motion qualifies as a second or successive habeas petition in these circumstances. *See Williams v. Chatman*, 510 F.3d 1290, 1293–95 (11th Cir. 2007).

Nor does it matter that Martinez alleges a jurisdictional defect in his criminal convictions. First, we doubt that the jurisdictional nature of a claim seeking relief from a criminal judgment excuses § 2255 movants from the usual authorization requirement for second or successive motions. The statutory text makes clear that a motion under § 2255 is itself the proper way to assert that "the court was without jurisdiction" to impose a sentence. 28 U.S.C. § 2255(a); *see also Williams*, 510 F.3d at 1294 (stating, without qualification, that when "a Rule 60(b) motion qualifies as a second or successive habeas petition as defined in *Gonzalez*," it "must comply with the requirements for such petitions under the AEDPA"). Second, although Martinez styles his claim as jurisdictional, he actually argues that "the government large [sic] failed to prove the elements of the charges of 'carjacking' and 'use of firearms' in this case." His claim is thus functionally a challenge to the sufficiency of the evidence, not a true claim of jurisdictional defect.

In sum, because Martinez did not receive our authorization to file his successive § 2255 motion, the district court correctly dismissed it for lack of jurisdiction.

## B. Disqualification Motion

The district court denied Martinez's disqualification motion in the same omnibus order in which it dismissed his Rule 60(b) motion. Martinez did not include the district court's ruling on his disqualification motion in his notice of appeal, so we lack jurisdiction to consider it on the merits. *See Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1528 (11th Cir. 1987). But Martinez did appeal the district court's dismissal of his Rule 60(b) motion, and he argues that the district court should not have considered that until it had ruled on his disqualification motion.

In general, a court should rule on a disqualification motion before it takes other non-ministerial actions in a case. *See, e.g.*, *In re Sch. Asbestos Litig.*, 977 F.2d 764, 784 n.26 (3d Cir. 1992). But we have not treated this preferred order of operations as an inflexible rule. Here, the district court addressed recusal and the Rule 60(b) motion in the same order, tending to recusal first. Martinez cites no authority to suggest this was error, and—particularly in light of the district court's denial of the disqualification motion, Martinez's failure to appeal that denial, and

6

the fact that the district court correctly dismissed the Rule 60(b) motion—we discern

no grounds for reversal.

*        *        *

The district court's dismissal of Martinez's Rule 60(b) motion is

**AFFIRMED.**

JORDAN, Circuit Judge, Concurring.

I join the courts opinion, but add that Mr. Martinez's recusal/disqualification claim also fails on the merits.

8