**FILED**
**June 10, 2024**

C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**Robert M. Lee,**
**Petitioner Below, Petitioner**

**v.)  No. 22-931** (Fayette County CC-10-2019-C-182)

**Shelby Searls, Superintendent,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Robert M. Lee appeals the Circuit Court of Fayette County's November 14, 2022, order denying his petition for a writ of habeas corpus.[1] The petitioner claims that the court erred in denying habeas relief on his claims of insufficient evidence, disproportionate sentence, and ineffective assistance of trial counsel, and in assessing him costs, fees, and expenses. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

In August 2016, a confidential informant ("CI") made a drug buy from Jordan Goard at an apartment complex. After the purchase, Mr. Goard pursued the CI through the apartment complex's parking lot, grabbed her, threw her to the ground, and tried to grab her purse. The petitioner exited the apartment complex and asked Mr. Goard what was going on. Mr. Goard told the petitioner that the CI was wearing a wire. According to the CI, the petitioner pointed a gun at her and told her to release her purse or else he would shoot. Mr. Goard then struck the back of the CI's head, and she released the purse. Much of this event was captured by the apartment complex's security cameras. The petitioner and Mr. Goard were tried jointly and ultimately convicted of conspiracy and first-degree robbery. The jury did not make a finding that the petitioner used a firearm in committing the robbery. The petitioner was sentenced to an indeterminate one-to-five-year term of incarceration for conspiracy and to a consecutive determinate thirty-year term for

---

[1] The petitioner appears by counsel Joseph A. Curia III. The State appears by Attorney General Patrick Morrisey and Deputy Attorney General Andrea Nease Proper. At the time of the filing of the petitioner's appeal, he was housed at Stevens Correctional Center, and the superintendent of that facility, R.S. Mutter, was the named respondent. Since the filing of his appeal, however, the petitioner has been moved to Huttonsville Correctional Center, at which Shelby Searls is the superintendent. Accordingly, the appropriate party has been substituted under Rule 41 of the West Virginia Rules of Appellate Procedure.

first-degree robbery. We affirmed the petitioner's convictions in *State v. Lee*, No. 18-0045, 2019 WL 1224640 (W. Va. Mar. 15, 2019) (memorandum decision).[2]

The petitioner filed a petition for a writ of habeas corpus seeking relief on various grounds. Relevant to this appeal, the petitioner argued that the evidence adduced at trial was insufficient to support his first-degree robbery conviction, the sentence imposed for his first-degree robbery conviction was excessive or disproportionate, and his trial counsel rendered ineffective assistance for failing to object to the prosecutor's improper remarks during closing argument.[3]

After holding an omnibus evidentiary hearing, the circuit court denied the petitioner's habeas petition. The court noted that the petitioner challenged the sufficiency of the evidence to support his first-degree robbery conviction in his direct appeal to this Court. *See id.* at *2. Accordingly, the circuit court found, he was foreclosed from again raising that previously and finally adjudicated claim. In finding no merit to the petitioner's challenge to his sentence, the court recounted that the petitioner was involved in a violent robbery that placed the CI in intense fear of being killed, all to recover evidence of the drug sale. The court identified a number of other "much harsher sentences" for first-degree robbery that had been upheld, both in this jurisdiction and outside the jurisdiction, and found that the violent nature of the crime warranted a "significant sentence." The court concluded that the petitioner's thirty-year sentence did not shock the conscience. Addressing the petitioner's claim that trial counsel rendered ineffective assistance for failing to object to the prosecutor's closing argument, the court found that even if deficient performance were assumed, the petitioner had not demonstrated "any significant prejudice." The court additionally found that the comments identified by the petitioner "were not established as factually or legally improper." Finally, the court assessed the petitioner all court costs, expenses, and fees associated with his habeas proceeding, finding that multiple claims "were not based in law or fact, were frivolous, or were wholly without merit." The petitioner now appeals from the court's order denying him habeas relief.

In reviewing a circuit court's order denying habeas relief, "[w]e review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review." Syl. Pt. 1, in part, *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006).

The petitioner raises four assignments of error on appeal. First, he maintains that the evidence was insufficient to support his first-degree robbery conviction, and he argues that the circuit court erred in finding that he was foreclosed from re-asserting this claim. The petitioner urges this Court to take a view of finality like that expressed in *Sanders v. United States*, 373 U.S. 1 (1963), where the Supreme Court of the United States remarked that res judicata is inapplicable in habeas proceedings because "[c]onventional notions of finality of litigation have no place where life or liberty is at stake and infringement of constitutional rights is alleged." *Id.* at 8.

---

[2] We affirmed Mr. Goard's convictions in *State v. Goard*, No. 17-0712, 2018 WL 3005955 (W. Va. June 15, 2018) (memorandum decision), and the denial of his petition for habeas relief in *Goard v. Ames*, No. 21-0370, 2022 WL 1684661 (W. Va. May 26, 2022) (memorandum decision).

[3] The petitioner's current counsel was not his trial counsel.

However, this Court's adherence to principles of finality in habeas proceedings is well established. West Virginia Code § 53-4A-1 provides that a habeas petitioner may not assert grounds that have been "previously and finally adjudicated or waived in . . . any other proceeding or proceedings which the petitioner has instituted to secure relief from such conviction or sentence." *Id.* § 53-4A-1(a). Relying on West Virginia Code § 53-4A-1, we have declined to re-address claims in habeas proceedings that were asserted on direct appeal in, among other cases, *State ex rel. Waldron v. Scott*, 222 W. Va. 122, 663 S.E.2d 576 (2008), and *Heavener v. Pszczolkowski*, No. 15-0241, 2016 WL 5210797 (W. Va. Sept. 16, 2016) (memorandum decision). We have also relied on the law of the case doctrine in declining to reconsider issues on appeal from a habeas proceeding that were considered on direct appeal. *See State ex rel. Daniel v. Legursky*, 195 W. Va. 314, 317 n.1, 465 S.E.2d 416, 419 n.1 (1995). Even claims not pursued on direct appeal may, in some instances, be deemed waived and, consequently, unavailable to a habeas petitioner. *See* Syl. Pts. 1 & 2, *Ford v. Coiner*, 156 W. Va. 362, 196 S.E.2d 91 (1972) (holding that a habeas petitioner bears the burden of rebutting the presumption that he intelligently and knowingly waived any claim that he could have advanced on direct appeal but did not). *Sanders* affords no relief from operation of these principles because, as has been recognized, it was decided before the enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which imposed "tight restrictions" on the filing of successive habeas petitions. *See Ellis v. United States*, 593 F. App'x 894, 896 (11th Cir. 2014) (finding that the rules applied in *Sanders* have been "largely superseded by" the AEDPA and recognizing the "increasingly tight restrictions" on successive petitions); *United States v. Boyce*, No. CRIM.A.3:91-00114-03, Civ.A.3:05-0070, 2006 WL 448851, at *2 (S.D. W. Va. Feb. 22, 2006) (finding *Sanders* inapplicable due to the new standards applicable to successive motions under the AEDPA). Accordingly, we find no error in the circuit court's conclusion that the petitioner is foreclosed from again pursuing this claim.

In his second assignment of error, the petitioner argues that the court erred in concluding that the sentence imposed for his first-degree robbery conviction was proportionate to the crime. He takes issue with the court's references to Mr. Goard's actions to support the sentence imposed upon the petitioner, asserting that he (the petitioner) did not "lay a single finger" on the CI. In any event, the petitioner continues, the CI was "not seriously physically injured," and the jury did not find that a firearm was used, so the court "failed to give proper consideration to the nature of [the] offense." The petitioner also claims that the imposition of consecutive sentences resulted in a disproportionate sentence.

When the Legislature has not imposed a maximum sentence for a crime, we apply two tests—one subjective and one objective—to determine whether a sentence is disproportionate to the crime. *State v. Cooper*, 172 W. Va. 266, 272, 304 S.E.2d 851, 857 (1983). The subjective test "asks whether the sentence for the particular crime shocks the conscience of the court and society." *Id.* If a sentence does not shock the conscience, then, under the objective test, "consideration is given to the nature of the offense, the legislative purpose behind the punishment, a comparison of the punishment with what would be inflicted in other jurisdictions, and a comparison with other offenses within the same jurisdiction." *Id.* (quoting Syl. Pt. 5, in part, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981)). In addressing these tests, the petitioner focuses his argument on the nature of the offense. As the circuit court recognized, the petitioner was involved in a first-degree robbery that resulted in physical harm to the CI and placed her in fear of death.

3

First-degree robbery "has always been regarded as a crime of the gravest character," *State v. Glover*, 177 W. Va. 650, 659, 355 S.E.2d 631, 640 (1987), due to the "high potentiality for violence and injury to the victim involved." *State v. Adams*, 211 W. Va. 231, 234, 565 S.E.2d 353, 356 (2002) (quoting *State v. Ross*, 184 W. Va. 579, 582, 402 S.E.2d 248, 251 (1990)). This holds true even where a defendant does not injure the victim. Indeed, it is the "inherent *potential* for injury or even death" that warrants providing trial courts broad discretion in sentencing for first-degree robbery, *Adams*, 211 W. Va. at 234, 565 S.E.2d at 356 (emphasis added), so we find no error in the circuit court's conclusions regarding the nature of the offense. Furthermore, it was within the court's discretion to impose consecutive rather than concurrent sentences, *see Christopher J. v. Ames*, 241 W. Va. 822, 835, 828 S.E.2d 884, 897 (2019) (noting that unless a sentencing court exercises its discretion to impose concurrent sentences, sentences will run consecutively), and the petitioner has directed this Court to no authority to support his claim that the exercise of that authority results in a disproportionate sentence. *See State v. Fortner*, 182 W. Va. 345, 365, 387 S.E.2d 812, 831 (1989) (declining to find that cumulative punishments were disproportionate where the petitioner failed to identify authority to support that proposition). As a result, we find no error in the court's denial of habeas relief on this ground.

Next, the petitioner claims error in the circuit court's denial of his claim that trial counsel rendered ineffective assistance in failing to object to the prosecutor's closing remarks. The petitioner asserts that he is pursuing the same claim asserted by Mr. Goard in his habeas proceeding, which he acknowledges this Court previously rejected.[4] The petitioner, however, argues that because the circuit court found that the remarks "pushed the limit," it is "not difficult to imagine" that the trial court would have granted a mistrial had trial counsel objected.

To establish that counsel rendered ineffective assistance, a litigant must establish that "(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995). The same unobjected-to closing remarks that the petitioner here contends give rise to his ineffective assistance of counsel claim were, as the petitioner concedes, previously considered by this Court in *Goard v. Ames*, No. 21-0370, 2022 WL 1684661 (W. Va. May 26, 2022) (memorandum decision), and determined not to satisfy either prong of the *Miller* standard. *Id.* at *6-*7. In short, we found no error in the circuit court's conclusions that the challenged comments were reasonable inferences that could be drawn from the evidence; that the prosecutor did not, in fact, assert his personal opinion as to the petitioner's and others' credibility; and that, in any event, the claimed deficiencies did not affect the outcome of trial. *Id.*; *see also State v. Goard*, No. 17-0712, 2018 WL 3005955, at *4-*5 (W. Va. June 15, 2018) (memorandum decision) (concluding that additional challenged closing remarks did not affect the outcome of trial). The same result obtains here.

Lastly, in the petitioner's fourth assignment of error, he argues that the court erred in assessing him the costs, expenses, and fees associated with his pursuit of habeas relief. The petitioner recognizes that courts are required to assess costs, expenses, and fees when a habeas petitioner proceeding in forma pauperis "does not substantially prevail," but he urges this Court to

---

[4] As previously noted, the petitioner and Mr. Goard were tried together.

4

exercise its equitable powers and vacate that assessment because it "imposes a substantial financial burden."

West Virginia Code § 53-4A-4(b) provides, in part, that "[i]n the event a petitioner who is proceeding in forma pauperis does not substantially prevail, all such costs, expenses and fees shall be and constitute a judgment of the court against the petitioner to be recovered as any other judgment for costs." The petitioner's failure to prevail even minimally, let alone substantially, coupled with his recognition that the statute is expressed in mandatory terms, compels the conclusion that the court did not err in assessing the petitioner costs, expenses, and fees.[5]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** June 10, 2024

**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[5] In his reply brief, the petitioner raises an additional claim that the court erred in denying habeas relief where an investigating officer allegedly perjured himself before the grand jury and the CI allegedly perjured herself at trial. Rule 10(c) of the West Virginia Rules of Appellate Procedure mandates that a petitioner's brief include "a list of the assignments of error that are presented for review" along with "argument clearly exhibiting the points of fact and law presented, the standard of review applicable, and . . . the authorities relied on, under headings that correspond with the assignments of error." R. 10(c)(3) & (c)(7). The argument, in turn, "must contain appropriate and specific citations to the record on appeal." R. 10(c)(7). The petitioner did not identify this claimed error in his list of the assignments of error, nor did he provide argument or law on the claimed error, identify the applicable standard of review, or cite to the record in his brief. Furthermore, in raising the issue for the first time in his reply brief, the petitioner failed to provide citations "pinpoint[ing] when and how" the issue was presented to the circuit court. *See id.* Accordingly, we decline to review this claimed error. *See id.* ("[T]he Supreme Court may disregard errors that are not adequately supported by specific references to the record on appeal.").